LEMMON, Justice.*
In this appeal from a conviction of simple burglary and a sentence as a multiple offender to 20 years imprisonment, defendant questions the trial court’s jury instruction on circumstantial evidence and the exces-siveness of the sentence.
Officer Thomas, responding to a 3:00 a. m. call that a burglar alarm had sounded at a drugstore, drove up to the store and saw a black male standing in the doorway of the front door, loading a watch display case into a shopping cart. The plate glass in the front door had been broken out. When the suspect saw Thomas, he began running. Thomas followed in pursuit, but lost him and immediately broadcast over the police radio a description of the suspect, his clothing, and the area into which he had fled.
In the meantime Officer Dickinson had started in the direction of the drugstore after the first radio message. Upon hearing Thomas’ subsequent message, Dickinson stopped his vehicle along the suspected path of flight, about three blocks from the store. Almost immediately he observed a black male, fitting the suspect’s description, who was sweating profusely. Dickinson confronted the suspect (the defendant herein). After a brief struggle, the defendant was apprehended. While he was being handcuffed, defendant spontaneously announced, according to the officer, that “he [was] not worried about the burglary, that he [was] ready to go to Angola, that he [could not] make it on the street”.
Dickinson took defendant to the drugstore, where Thomas positively identified him as the man he had seen in front of the store seven or eight minutes earlier.
Defendant was charged with simple burglary and was convicted after a jury trial. On appeal defendant first contends that the trial court erred in failing to instruct the jury that a conviction could be based solely on circumstantial evidence only if the circumstances excluded every reasonable hypothesis of innocence. The trial court in its general charge explained direct and circumstantial evidence to the jury and gave examples of both types.[1]
We reject defendant’s contention because the state’s case was not based solely on circumstantial evidence. The state introduced direct evidence of guilt by showing that defendant made a spontaneous in-culpatory statement at the time of his apprehension. State v. Martin, 376 So.2d 300 (La.1979). Therefore, defendant has suffered no prejudice from any asserted inadequacy in the jury instructions.[2] See State *1065 v. Snedecor, 294 So.2d 207 (La.1974); State v. Eubanks, 232 La. 289, 94 So.2d 262 (1957), rev’d on other grounds, 356 U.S. 584, 78 S.Ct. 970, 2 L.Ed.2d 991 (1958).
Defendant also contends a sentence of 20 years is excessive for a non-violent economic crime.
The trial judge meticulously followed the guidelines of C.Cr.P. Art. 894.1 by weighing the aggravating and mitigating circumstances and individualizing the sentence to the particular crime and the particular offender. He reviewed defendant’s juvenile record of two adjudications and one parole violation and his adult record of nine convictions between 1966 and 1975. Because of defendant’s recalcitrant inclination to persist in criminal behavior over most of his 34 years, any contention that 20 years is unconstitutionally excessive, when the possible range was up to 24 years, is totally without merit.
The conviction and sentence are affirmed.
WATSON, J., concurs noting there was an eye witness which is direct evidence.

 Judges Melvin A. Shortess, Burrell J. Carter and Felix H. Savoie, Jr., of the First Circuit Court of Appeal participated in this decision as associate justices ad hoc, joined by Associate Justices Dennis, Blanche, Watson and Lemmon.

. Defense counsel did not request a special instruction on the burden of proof required to support a conviction based solely on circumstantial evidence. Neither did defense counsel object to the instruction that was given prior to the beginning of jury deliberations. However, the instructions given were adequate to assure a fair trial, and we need not decide whether defense counsel’s procedural default precludes review of this issue. See State v. Mack, 403 So.2d 8 (La.1981).

. Defendant argues on appeal that the evidence failed to exclude the reasonable possibility that someone broke the door and loaded the display case into the cart before defendant arrived at *1065 the scene. Although defendant has not assigned sufficiency of evidence as error, it is noteworthy that the evidence in this case (defendant’s standing in the doorway approximately three minutes after the alarm was triggered at 3:00 a. m., his placing of the display case into the cart and his flight) does exclude every reasonable hypothesis of innocence. The theory advanced by defendant is simply not plausible, and no other hypothesis of innocence appears even remotely likely.