434 So.2d 392 (1983)
STATE of Louisiana
v.
Russell PADDIE.
No. 82-KA-1469.
Supreme Court of Louisiana.
June 27, 1983.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James L. Davis, Dist. Atty., Abbott J. Reeves, Asst. Dist. Atty., for plaintiff-appellee.
Don Burkett, Many, for defendant-appellant.
MARCUS, Justice.
Russell Paddie was charged by bill of information with distribution of marijuana. After waiving his right to counsel, defendant entered a plea of guilty as charged. The trial judge accepted the guilty plea after determining it was made voluntarily and with an understanding of the nature of the charge. A presentence investigation was ordered. Subsequently, after receiving the presentence report, the trial judge sentenced defendant, after he again waived his right to counsel, to serve five years at hard *393 labor. On appeal, defendant relies on two assignments of error for reversal of his sentence.[1]
Defendant contends the trial judge erred in failing to comply with the sentencing guidelines set forth in La.Code Crim.P. art. 894.1[2] (Assignment of Error No. 3) and in imposing an excessive sentence (Assignment of Error No. 4).
The presentence report reflects that on September 1, 1981, defendant sold a quarter of a pound (four ounces) of marijuana to an undercover narcotics agent employed by the Louisiana State Police for the sum of $190 in Zwolle, Sabine Parish, Louisiana. The report further reveals that defendant is a twenty-two year old first offender who resides in Zwolle with his wife and two infant children. He was born in Many and is a life-long resident of Sabine Parish. His mother, who is a housewife, and his father, who is disabled as a result of a job-related offshore accident, also reside in Zwolle, as does his sister, age twenty-one, who attends Northwestern in Natchitoches, and his brother, age fifteen, who attends Zwolle High School. Defendant graduated from Zwolle High School at age seventeen. School officials indicated that he was an A and B student with a good attendance record and no disciplinary problems. He ranked thirteenth in a class of forty-six. Upon graduation, defendant worked for two years as a sheet turner (at $4.00 per hour) for one company and then as a press operator (at $7.23 per hour) for another company in Zwolle where he is presently employed. Defendant has no prior juvenile or adult record for arrests and/or convictions except for one traffic violation (speeding 64 mph in a 55-mph zone). Defendant stated that he "regretted" what he had done and "realized the seriousness of the crime." Defendant further stated that he was not involved in drugs at the time of his arrest nor is he at this time.
In imposing sentence, the trial judge concluded that there was an "undue risk" that defendant would commit another crime during any period of probation and that a lesser sentence than that which he intended to impose would deprecate the seriousness of defendant's crime. He stated that he reached this conclusion based on the "serious *394 nature of the offense" and the "potential harm to society of this kind of conduct, being more serious in many respects than a violent crime and affecting more people." He further noted that defendant at age twenty-two "should have known better" and in his opinion did not "show much prospect for conforming his conduct without a period of confinement." Finally, the judge stated that less than the maximum sentence was being imposed because "defendant has apparently not been involved in any other criminal offenses." He then sentenced defendant to serve five years at hard labor as aforesaid.
La. Const. art. 1, § 20 prohibits the imposition by law of excessive punishment. Accordingly, we have held that imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional rights against excessive punishment that is enforceable by this court on appellate review. The trial judge's reasons in imposing sentence, as required by La.Code Crim.P. art. 894.1, are an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Washington, 414 So.2d 313 (La.1982).
La.Code Crim.P. art. 894.1 sets forth three factors which justify a sentence imposing imprisonment and eleven other factors which tend to indicate that a suspension of sentence or probation is appropriate. The statute provides that the latter, "while not controlling the discretion of the court, shall be accorded weight" by the trial court in its sentencing decision. Likewise, the statute provides that "the court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence."
Construing this article, we have held that where the trial court imposes a sentence without adequate compliance with the mandatory requirements of this article, this court may vacate a sentence and remand for resentencing when the reasons for an apparently severe sentence in relation to the particular offender and the actual offense committed do not appear in the record. State v. Gist, 369 So.2d 1339 (La.1979); State v. Cox, 369 So.2d 118 (La.1979).
We do not consider that the trial judge, although attempting to comply with the mandates of art. 894.1, accorded proper weight to the factors enumerated therein before imposing what appears to be an apparently severe sentence under the circumstances of this case. Such factors as defendant's young age, good academic record, steady employment, lack of juvenile or adult criminal record, and the hardship on his dependents would tend to support a less severe sentence. Moreover, considering these factors, we find no factual basis for the trial judge's conclusion that there was an "undue risk" that defendant would commit another crime if his sentence was suspended and he was placed on probation. Under the facts and circumstances of this case, the trial judge might well have imposed a less severe sentence had he accorded proper weight to the factors set forth in art. 894.1. Accordingly, we must vacate defendant's sentence and remand the case to the trial court with instructions to properly consider the sentencing guidelines in the statute before imposing sentence.

DECREE
For the reasons assigned, the conviction is affirmed but the sentence imposed is vacated and set aside; the case is remanded to the district court for resentencing in accordance with the views expressed herein.
LEMMON, J., concurs, noting that nothing in the record indicates defendant's involvement in dealing in marijuana as a regular business nor refutes defendant's statement that he is no longer involved in drugs at all and was involved at the time of the arrest as a result of "a lot of peer pressure".
NOTES
[1] Defendant designated four errors to be urged on appeal in his assignment of errors filed in the district court. However, he expressly abandoned Assignments of Error Nos. 1 and 2 in his brief to this court.
[2] La.Code Crim.P. art. 894.1 provides:

A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
(C) The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.