436 So.2d 712 (1983)
STATE of Louisiana
v.
Hector MARTZ.
No. KA-0425.
Court of Appeal of Louisiana, Fourth Circuit.
August 3, 1983.
*713 William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Criminal Div., Harry F. Connick, Dist. Atty., Mary Charlotte McMullan, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Frank Larre, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before GULOTTA, CIACCIO and WILLIAMS, JJ.
GULOTTA, Judge.
The sole issue in this appeal is defendant's claim that his five year sentence at hard labor for willful and unlawful distribution of marijuana is excessive.[1]
Hector Martz was charged with two counts of attempt to commit first degree murder of undercover police officers, and one count of unlawful distribution of marijuana. The jury acquitted the defendant of attempted murder, but returned a guilty verdict for unlawful distribution. The attempted murder charges arose out of an altercation and fight between the arresting officers and Martz at the time of the distribution of the marijuana.
After a presentencing investigation, the trial judge imposed the complained-of sentence. In oral reasons directed to the defendant prior to sentencing, the trial judge stated:
"Alright. This Court takes an extremely serious view of drug violations, particularly those involving distribution. Because of this attitude, the Court's tendency is toward the imposition of substantial terms of imprisonment in such cases. The Court is nevertheless under mandate to follow Code of Criminal Procedure Article 894.1 when imposing sentence. In the case at bar, after reference to such guidelines, the Court finds the defendant has no history of prior delinquency or criminal activity and has apparently led a law abiding life for a substantial period of time before the commission of the instant crime. The Court also finds that due to his rural background and inexperience in the metropolitan areas, as evidenced by the pre-sentence report, the defendant, apparently, did not contemplate that his conduct would cause or threaten serious harm. On the other hand the Court feels that in the view of the extreme seriousness of trafficking of drugs in any form, a lesser sentence than that which is about to be imposed would deprecate the seriousness of the defendant's crime. The Court further feels that the defendant is in need of some correctional treatment which would be better provided by institutional commitment."
The circumstances of our case closely resemble those of the recent case of State v. Paddie, 434 So.2d 392 (La.1983). In Paddie, a twenty-two year old first offender was sentenced by the trial judge to serve five years at hard labor for distribution of four ounces of marijuana to an undercover narcotics agent. Attempting to comply with the mandates of LSA-C.Cr.P. Art. 894.1, *714 the trial judge concluded that there was an "undue risk" that Paddie would commit another crime during any period of probation and that a lesser sentence would deprecate the seriousness of the crime. The judge reached this conclusion based on the "serious nature of the offense" and the "potential harm to society of this kind of conduct, being more serious in many respects than a violent crime and affecting more people."
The Supreme Court in Paddie vacated the sentence and remanded the matter to the trial court with instructions to consider properly the guidelines of LSA-C.Cr.P. Art. 894.1 before imposing sentence. The Court concluded that the trial judge, "although attempting to comply with the mandates of art. 894.1", had failed to accord proper weight to the factors enumerated in the statute before imposing "an apparently severe sentence under the circumstances". The Supreme Court then noted that Paddie's "young age, good academic record, steady employment, lack of juvenile or adult criminal record, and the hardship on his dependents would tend to support a less severe sentence".
In our case, as in Paddie, the trial judge attempted to comply with the statute, but failed to accord proper weight to the factors outlined therein.
Twenty-five year old Martz had no history of prior delinquency or criminal activity. The judge noted that due to Martz' rural background and inexperience, the defendant apparently had not contemplated that his conduct would cause or threaten serious harm. He had a record of gainful employment and had led an abiding life for a substantial time before committing the instant offense of distributing "two match boxes" of marijuana to undercover narcotics officers. Considering these factors, we find no factual basis for the trial judge's conclusions that a lesser sentence than that imposed "would deprecate the seriousness of the defendant's crime" and that the defendant "is in need of some correctional treatment which would be better provided by institutional commitment." Had the trial judge accorded proper weight to the factors set forth in LSA-C.Cr.P. Art. 894.1, he might well have imposed a less severe sentence.
Accordingly, the conviction is affirmed, but the sentence imposed is vacated and set aside. The matter is remanded to the trial judge for resentencing consistent with the views expressed herein.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED.
NOTES
[1] The jury found the defendant guilty of violating LSA-R.S. 40:966 A(1), which carries a penalty of imprisonment at hard labor for not more than ten years and a fine not in excess of $15,000.00. Defendant was sentenced to five years' imprisonment with credit for time served, and was further assessed a $500.00 fine, plus $74.00 in court costs.