445 So.2d 9 (1983)
STATE of Louisiana
v.
Glenn K. GIVENS.
No. KA 0546.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1983.
Rehearing Denied February 22, 1984.
*10 Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Asst. Dist. Atty. for Parish of Orleans, New Orleans, for plaintiff-appellee.
Clay J. Calhoun, Jr., New Orleans, for defendant-appellant.
Before GARRISON, BARRY and BYRNES, JJ.
GARRISON, Judge.
Defendant Glenn Givens appeals from his jury conviction of simple burglary of an inhabited dwelling.
On September 12, 1980, Glenn Givens was charged by bill of information with simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2. Also charged was Larry Shelby. A motion for severance filed by Shelby was granted by the trial judge after testimony at a pre-trial hearing indicated that Givens had implicated Shelby in several burglaries by statements made to police officers following their arrest. On July 25, 1982, defendant Givens was found guilty as charged by a jury on one count of burglary of an inhabited dwelling. The State filed a multiple offender charge against the defendant pursuant to LSA-R.S. 15:529.1 and on September 3, 1982, Givens was sentenced to twenty-four (24) years at hard labor, with credit for time served, the maximum sentence permissible under the statute. From this conviction and sentence, defendant appeals.

ASSIGNMENT OF ERROR NO. 1
The defendant relies on six assignments of error for reversal of his conviction and sentence. The first assignment of error is that the trial court erred in refusing to grant a mistrial when it became evident that the State incorrectly denied that a recorded acknowledgement by defendant of an alleged earlier oral confession constituted an inculpatory statement and that defendant should have been given formal notice prior to trial. Because the defense failed to brief or argue this assignment of error, we consider it abandoned. State v. Phillips, 337 So.2d 1157 (La.1976); State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La.1975).

ASSIGNMENT OF ERROR NO. 2
The defendant argues that the trial court erred in permitting the State to cross-examine the defendant and a defense witness as to their use of drugs. Although counsel for the defense objected to this line of questioning by the prosecution, he failed to move for either a mistrial or an admonition to the jury at this point. The fact that the jury had already been exposed to this line of questioning rendered defense counsel's objections worthless. It was the duty of the defense to move for a mistrial or for an admonition at this point in order to remedy any possible errors. Procedural rules have been devised requiring the offended party to call any error to the judge's attention at a time when it can be remedied. State v. Kersey, 406 So.2d 555 (La.1981).
After further questioning on recross examination by the prosecution about *11 the defendant and the defense witness' drug use, the defense requested an admonition to be given to the jury to disregard these questions. The judge promptly gave this admonition. Counsel for the defense now claims that the defendant's conviction should be reversed due to this allegedly improper line of questioning. We find no merit in this contention. Any possible error was cured by the judge's admonition. LSA-C.Cr.P. Art. 771. State v. Albert, 381 So.2d 424 (La.1980).
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends that the trial court erred in refusing to grant a mistrial when defense counsel objected to the court's manner and form in giving an admonition to the jury. Regardless of the manner or form used, this admonition adequately informed the jury that the prosecutor's questions were to be disregarded. Therefore, this assignment of error is without merit. State v. Green, 416 So.2d 539 (La.1982).

ASSIGNMENT OF ERROR NO. 4
The defendant claims that the trial court erred in overruling a defense objection to the State's attempt to have defendant lift his shirt sleeves in an attempt to impeach his credibility. The objection was properly overruled because each side is allowed to impeach the credibility of any adverse witness, including the defendant. LSA-R.S. 15:486. An examination of the record shows that counsel for the defense opened the door to questions about the defendant's drug use on his direct examination. Therefore, the State had the right to discredit the defendant's testimony concerning his drug use by requesting that he roll up his shirt sleeves. State v. Barnes, 365 So.2d 1282 (La.1978).
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant alleges that the trial court erred in failing to adequately consider the mandatory sentencing guidelines of Article 894.1 of the Louisiana Code of Criminal Procedure. A review of the record indicates that the trial judge, in sentencing the defendant, considered the fact that defendant was a multiple offender and reasoned that it was very probable that he would commit other crimes if given the opportunity. Although the trial court did not enumerate each factor under Article 894.1, the record reflects that the trial court did "state for the record the considerations taken into account and the factual basis therefor in imposing sentence." La. C.Cr.P. Art. 894.1(C). In doing so, the trial judge sufficiently complied with Art. 894.1. State v. Donahue, 408 So.2d 1262 (La. 1982); State v. Douglas, 389 So.2d 1263 (La.1980).
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 6
Finally, defendant contends that the trial court erred in imposing an unconstitutionally excessive sentence. A sentence is excessive and violates La. Constitution Article 1 Section 20 if it is grossly out of proportion to the severity of the crime or nothing more than the purposeless and needless imposition of pain and suffering. State v. Guiden, 399 So.2d 194 (La.1981); cert. denied 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305, State v. Bonanno, 384 So.2d 355 (La.1980). The imposition of the 24-year maximum sentence in this case does not violate this provision of the Louisiana Constitution. As stated above, the trial judge specified that he sentenced the defendant to the maximum time allowable in order to prevent this multiple offender from committing other crimes in the future. Therefore, this sentence is not excessive and this assignment of error is also without merit.
For the reasons assigned, the conviction and sentence are affirmed.
AFFIRMED.