511 So.2d 1171 (1987)
STATE of Louisiana
v.
Lamar R. BERTRAM.
No. KA 6923.
Court of Appeal of Louisiana, Fourth Circuit.
July 8, 1987.
Rehearing Denied September 24, 1987.
*1172 William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Terry M. Boudreaux, Asst. Dist. Atty., for plaintiff-appellee.
James David McNeill, New Orleans, for defendant-appellant.
Before SCHOTT, GARRISON and CADE, JJ.
SCHOTT, Judge.
After a bench trial defendant was convicted of simple burglary of an inhabitated dwelling (LSA-R.S. 14:62.2). Pursuant to the Habitual Offender Law (R.S. 15:529.1) he was sentenced as a third offender to twenty years at hard labor.
A review of the record for errors patent revealed none except that the sentence is illegally lenient. However, we are prevented from correcting this error. State v. Fraser, 484 So.2d 122 (La.1986).
Mrs. Kruse, the victim, returned to her home between 5:30 and 6:00 in the afternoon and discovered that her house had been broken into. She went to a neighbor's house and called the police. Before they arrived she looked in through the front door and saw the defendant inside. He immediately fled to his parents' house across the street. The house had been ransacked. When the police arrived they arrested the defendant who by that time was working on his car parked in the street. His father testified that the defendant was working on his car between 12:30 p.m. and 6:15 p.m. The mother also stated he was working on the car all afternoon.
By his first assignment of error defendant claims the trial court erred in receiving evidence of his prior convictions before he took the stand and testified and in failing to grant a mistrial on that ground. After the defendant's father testified that he did not threaten the victim, the prosecutor attempted to impeach him by introducing into evidence a motion previously filed by the state to increase the amount of defendant's bail bond in which the state alleged that defendant's father has tried to intimidate the victim. The paragraph in the motion containing this allegation is followed by a paragraph listing eleven previous convictions on defendant's record.
The record shows that this document was not admitted into evidence by the court. The judge acknowledged that he was aware of the document because he heard the motion argued but he stated that he would not consider the list of defendant's previous convictions in weighing the evidence. As to defendant's motion for a mistrial, it was based on C.Cr.P. art. 770(2) which mandates a mistrial when the prosecutor refers to another crime committed by the defendant as to which evidence is not otherwise admissible. However, this article applies to a jury trial. It has no application to a bench trial. This assignment is without merit.
By his second assignment defendant contends the trial court wrongfully denied his motion for a new trial grounded on the claim discussed above and on the basis that the court did not properly consider his alibi defense. The alibi defense involved evidence that defendant was with a friend who was given a traffic ticket at the same time the burglary was committed. However, the policeman who gave the ticket was uncertain as to how long before the burglary it was issued, and the location of the traffic offense was minutes from the homes of the defendant and the victim. In the final analysis defendant is complaining here about a credibility call by the trial court which is not a valid argument in an appellate court.
By his third assignment defendant contends that the trial court failed to follow the guidelines of C.Cr.P. art. 894.1 in imposing sentence. While the trial judge stated that defendant was in need of correctional treatment in a custodial environment and that a lesser sentence would deprecate the seriousness of his crime (guidelines A(2) and (3)), he failed to mention any *1173 of the other twelve factors enumerated in art. 894.1. Thus, it does not appear from the record that the judge complied with paragraph C of the article which requires an articulated application of all the guidelines to the sentence. However, a remand for resentencing is unnecessary because the record otherwise provides adequate support for the sentence.
When the defendant committed this burglary on September 1, 1982 he was twenty-five years of age and had a record of eleven convictions between 1977 and 1980 for a variety of crimes including burglary, theft, aggravated assault, forgery, battery, criminal damage to property, and possession of stolen property. After the first day of trial on March 30,1983 the case was continued to enable the defense to produce further evidence. When the case was called for trial on April 5 defendant failed to appear. It developed that he had gone to Arizona where he was arrested on April 26, 1983 and charged with forgery and burglary. On his plea of guilty there he was convicted and sentenced to four years. In due course he was returned to Louisiana where he was sentenced in this case on August 9, 1983. The trial judge was made aware of various mitigating circumstances but these were hardly sufficient to prevent the court from imposing a twenty year sentence on this defendant (to run concurrently with the Arizona sentence) who has an extensive criminal record and who has obviously been given every opportunity to turn away from crime. The sentence was well within the bounds of the trial court's discretion. See State v. Perkins, 450 So.2d 396 (La.App. 1st Cir.1984), writ denied, 452 So.2d 694; State v. Givens, 445 So.2d 9 (La.App. 4th Cir.1984).
AFFIRMED.