SEXTON, Judge.
The defendant appeals a 24-year hard labor sentence as a second felony offender arising as a result of his underlying conviction for simple burglary. We reverse.
On November 5, 1985, the owner of Jerry’s Quick Shop in Winnsboro, Louisiana, reported that his store had been burglarized and that three packages of cigarettes, several gallons of whiskey and some batteries were missing.
The defendant, Mark Coleman, was implicated six days later after a co-defendant identified him as being at the scene of the burglary. Coleman fled from officers at *1225 tempting to arrest him and was eventually-apprehended by the use of tracking dogs.
On June 16, 1986, the defendant was convicted after a trial by jury of the -offense of simple burglary resulting from the incident at Jerry’s Quick Shop. He was thereafter charged as a Second Felony Offender based on simultaneous pleas of guilty on June 7, 1986 to the offenses of simple burglary and two counts of aggravated battery.*
The defendant pled guilty to being a second felony offender and was sentenced to the maximum term of 24 years at hard labor. The defendant appealed his sentence and conviction. This court affirmed the conviction but reversed the sentence and remanded for further habitual offender and sentence proceedings. State v. Coleman, 511 So.2d 1204 (La.App.2d Cir.1987). The basis for the remand was a determination that the defendant was not advised of his right to a hearing on the habitual offender charge in accordance with State v. Easton, 463 So.2d 783 (La.App.2d Cir.1985). This court additionally determined that the trial judge failed to consider any mitigating factors and made insufficient articulation of sentencing considerations required by LSA-C.Cr.P. Art. 894.1.
On remand, on October 28, 1987, after a hearing the defendant was determined to be a second felony offender and was again sentenced to the maximum term of 24 years at hard labor. The defendant appeals asserting the excessiveness of the sentence as a single assignment of error.
The trial judge in again sentencing the defendant to the maximum term of 24 years at hard labor noted that he saw no mitigating factors in the case. He stated that the defendant had no intention of abiding by the law as was reflected in his criminal record. He additionally reviewed the LSA-C.Cr.P. Art. 894.1 factors and noted that the defendant’s conduct caused and threatened serious harm, that the defendant contemplated that his conduct would cause and threaten serious harm, and that he found no evidence of provocation. The trial judge stated that he saw nothing to excuse the defendant’s conduct and the victims did nothing to induce the defendant’s behavior. He noted the defendant’s lengthy history of delinquency and felt that the defendant’s conduct was likely to recur. The trial judge finally noted that incarceration would not be a hardship to the defendant or his family.
The defendant in this case has a juvenile record in addition to his adult record, having been committed to the Department of Corrections as a result of three separate offenses occurring over a relatively short period.
His first adult offense was committed September 29, 1984. The defendant committed three felony offenses on that date, a simple burglary and two aggravated batteries during the same course of action. He was asked to leave the residence of Willie Mae Thomas but later returned, broke into her home and attacked Ms. Thomas and another party at her residence with a metal pole. He was sentenced to five years supervised probation with the special condition that he serve nine months in the parish jail.
While in jail, he obtained trustee status and was working at the National Guard Armory. He and another prisoner escaped from their work at the Armory. Upon being arrested after his escape from the National Guard Armory, he was belligerent to the arresting officer and threatened to attack the first prisoner he came in contact with. Upon being confined to a cell, he did in fact attack his cellmate, resulting in a conviction of simple battery.
On November 11,1985, five months after his release from jail and while on probation, the defendant was arrested for the present offense. At that time he again uttered derogatory comments to and attempted to flee from the police officer attempting to investigate the crime.
*1226 The defendant lives with his mother, a 47-year-old unemployed welfare recipient in a tidy dwelling. She is quoted in the presentence investigation report as stating that at age seven the defendant suffered what appeared to be leukemia. This diagnosis, however, was never confirmed and the defendant was apparently cured of whatever malady he had contracted. She stated he was allowed to enter elementary school at the age of eight because of his sickly condition. He failed several elementary school grades. His education was interrupted when he was directed to go to Louisiana Technical Institute (LTI). Upon his return from LTI, he quit school because he was not allowed to enter the 8th grade. He worked briefly as a carpenter’s helper in 1984 but has remained unemployed since that time.
The defendant in this case may well be incorrigible. The record indicates that he was introduced to the criminal justice system at an early age. As an adult, he continued to get into trouble, even after serving a jail sentence. He committed the present offense a short time after his release from jail from a prior conviction. Further, he has committed offenses against the person on two separate occasions. Leniency apparently has had little effect. He escaped while in a trustee status and he committed the instant offense while on probation after his initial felony convictions were suspended. He has consistently been in difficulty and has shown no indication that he intends to reform.
The only feature in the defendant’s favor is his youth. We are uncertain of his exact age as he has given several different dates of birth to arresting authorities. However, assuming he was 17 on September 29,1984, the date of the offense of his first adult conviction, he is currently 21 years of age.
As we previously stated, the maximum sentence for the instant offense, as a result of the defendant’s conviction as a second felony offender, is 24 years, twice the maximum for the offense for which he was convicted. The minimum sentence is one-third of the maximum for the offense convicted, or four years. LSA-R.S. 15:529.1. Even considering the circumstances of the defendant’s previous offenses and his poor personal history or work record, we determine that the sentence imposed is excessive —primarily because of the defendant’s youth. We believe that under the circumstances here detailed, the maximum sentence should be no more than 16 years. See and compare, State v. Legro, 410 So.2d 1063 (La.1982); State v. Morris, 457 So.2d 119 (La.App.2d Cir.1984); State v. Bertram, 511 So.2d 1171 (La.App. 4th Cir. 1987), writ denied, 517 So.2d 810 (La.1988); State v. Price, 476 So.2d 989 (La.App. 1st Cir.1985); State v. Givens, 445 So.2d 9 (La.App. 4th Cir.1983); State v. Freeman, 444 So.2d 243 (La.App. 1st Cir.1983), writ denied, 447 So.2d 1076 (La.1984).
The sentence imposed is therefore reversed and the case is remanded to the trial court for imposition of a sentence consistent herewith.
REVERSED AND REMANDED.

 On that same day, he also pled guilty to simple escape and simple battery. The escape charge was a result of his efforts to evade arresting officers in this case. The battery was unrelated and will be discussed subsequently.