CIACCIO, Judge.
The defendant, James Ryan, Jr., relies upon four assignments of error in seeking a reversal of his conviction and sentence for possession with the intent to distribute various controlled dangerous substances.[1] La.R.S. 40:966-40:967. We affirm the conviction and sentence.
The facts as revealed by the record are as follows:
On the night of August 8, 1986 Officers Scheurmann and Vaccarella patrolled the area around the Superdome, where a concert was being held, to look for automobile burglaries. At about 10:15 p.m. they observed the defendant and his father standing near a white Oldsmobile. Because of the number of auto burglaries in the area and the fact that General Motors cars, such *1390 as the white Oldsmobile they observed, are the types of cars most frequently stolen, they decided to investigate to determine if an auto burglary was in process. Scheur-mann proceeded to walk toward the defendant and his father while Vaccarella remained behind to continue questioning two young black males on bicycles, whom the officers had stopped prior to observing the defendant and his father. When Scheur-mann was about two feet from the car, whose trunk was unlocked and opened, the defendant walked to the back of the car and threw a dark banker’s bag into the trunk. The officer had not said anything to the defendant at this time or in any other way attempted to stop him. When Ryan threw the bank bag, a clear plastic bag with pills and white powder fell out. Believing these items to be drugs, Officer Scheurmann walked up to the car and tried to look into the trunk. The defendant tried to close the trunk while the officer tried to hold it open. A physical confrontation occurred between Officer Scheurmann and the two Ryans. At this time, Officer Vac-carella came to the aid of Officer Scheur-mann. The two officers subdued the subjects, handcuffed them and conducted a pat down of each. During a search of the defendant, a glass container of liquid phen-cyclidine was recovered. They also confiscated $120 in currency. A subsequent search of the vehicle’s trunk revealed a banker’s bag with various quantities of cocaine, hydromorphone, pentazocine, phen-mentrazine and phencyclidine. In addition to the two Ryans, an arrest was made of Gwendolyn Breaux, the defendant’s girlfriend and an occupant of the vehicle.

Assignment of Error No. 1

In his first assignment of error the defendant contends that the trial court erred in denying the motion to suppress the evidence and in allowing the evidence to be admitted at trial. The defendant argues that the evidence was seized pursuant to an unlawful stop and thus, it should have been suppressed. He contends that reasonable suspicion did not exist to justify the defendant’s stop. La.C.Cr.P. Art. 215.1.
A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed or is about to commit an offense, in order to demand his name, address, and an explanation of his actions. La.C.Cr.P. Art. 215.-1. If an individual is free to disregard an officer’s questioning and walk away, his liberty and privacy rights have not been violated. State v. Ross, 519 So.2d 412 (La. App., 4th Cir., 1988).
In this case, Officer Scheurmann’s testimony[2] indicates that he and his partner were patrolling the Superdome area. They were aware that this area was one where there had been a high incidence of auto burglaries and that General Motor’s vehicles were generally the target of such burglaries. As they patrolled the area the officer observed the two male subjects standing near a white Oldsmobile automobile. As Scheurmann approached the subjects and before he said anything to them or in any way attempted to detain them he saw the defendant throw a blue bank bag into the vehicle’s trunk. A clear plastic bag containing pills and a white powdery substance fell out of the bank bag. As the police officer attempted to view the contraband more closely a physical confrontation occurred between the two subjects and himself.
It is clear from the record that the defendant was not the subject of an investigatory stop at the time Scheurmann approached him. The subjects’ display of the contraband and their physical attack upon Officer Scheurmann gave the policeman probable cause for their arrest. See: U.S. v. Watson, 428 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976)
A search incident to a lawful arrest is one of the well recognized exceptions to the constitutional provision which prohibits un *1391 reasonable searches and seizures. U.S. Const. Amend. 4; La. Const. Art. 1 Sec. 5 (1974). United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).
In this case a search of the defendant following his arrest revealed a container of phencyclidine in his pocket. This was a valid search incident to a lawful arrest and the seized narcotic was correctly admitted into evidence at the defendant’s trial.
This assignment lacks merit.

Assignments of Error Nos. 2 and 3

The defendant contends that in two separate instances during the trial he was denied his right of confrontation, in that the court limited his cross-examination of Officer Frank Vaccarella.
Evidence is relevant if it bears upon a material issue. La.R.S. 14:435. State v. James, 394 So.2d 1197 (La., 1981). Relevant evidence tends to show or negate the commission of the offense and the intent and hence, facts necessary to explain a relevant fact or support an inference raised by such facts are admissible. La.R.S. 15:441. The trial judge has wide discretion in determining the relevancy of evidence and his rulings in such matters will not be disturbed on appeal absent a clear abuse of discretion. State v. Chaney, 423 So.2d 1092 (La., 1982).
In the first instance of alleged error the defendant contends that on direct examination, Officer Vaccarella testified that the defendant was the individual who threw the bag with the drugs into the car trunk. He then attempted to impeach this witness on this issue by showing that on a prior occasion (apparently during a preliminary examination) the witness stated “to the trial judge” that it was the defendant’s father who had thrown the bag. The court sustained the states’ objection and stated the following:
BY THE COURT:
All right, I’m not interested in any discussions the officer may have had with me, since I am in the position of trying this case. So if there is going to be any impeachment, just use the tools that are available to do that. [Tr 44]
In this instance the trial judge correctly excluded any testimony regarding any alleged discussion by this witness with him. Additionally, he allowed the defendant the opportunity to impeach the witness if he “use[d] the tools that were available”. The defendant failed to avail himself of the opportunity to establish that this witness testified on direct that the defendant threw the bag into the car and in a prior statement, he testified that defendant’s father was responsible. We find no error by the trial judge in this regard.
The second instance of alleged error occurred when the court refused to allow Officer Vaccarella to answer the defendant’s question as to how often he did not read a police report before testifying in a major case.
In sustaining the state’s objection to the question the court stated:
BY THE COURT:
All right, I disagree that it would go to his credibility, as to whether or not he read the police report prior to testifying in other cases, as to how often he does or does not read a police report prior to testifying in other cases. I am only concerned about his activity in this particular case. I’ll sustain that objection. [Tr 46-47]
We find the question posed by the defendant to have been properly excluded as irrelevant.
Additionally, since the trial judge specifically stated that he found “the testimony of police officer Frank Vaccarella unworthy of belief in this particular case” and chose to disregard it completely, any error regarding the evidentiary rulings during his cross examination would have been harmless. [Tr 93].
For these reasons assignments of error numbers 2 and 3 are meritless.

*1392
Assignment of Error No. 4

The defendant by this assignment of error argues that the trial judge imposed an excessive sentence and he failed to comply with sentencing guidelines. La C.Cr.P. Art. 894.1.
The defendant was found guilty of one count of possession of phencyclidine.
The penalty for possession of phencycli-dine is “imprisonment with or without hard labor for not less than five nor more than twenty years’ and ‘a fine of not more than five thousand dollars, or both”.
In this case a sentence of five years imprisonment in the Department of Corrections was imposed. The maximum sentence which could have been imposed for this offense was 20 years imprisonment. The defendant’s sentence is one fourth the maximum which could have been imposed and, as such, is not patently excessive.
The defendant next argues that his sentence should be vacated for the judge’s failure to comply with statutory sentencing guidelines.
In those instances in which a trial court fails to comply with sentencing guidelines, the reviewing court may vacate a sentence and remand for resentencing. State v. Paddie, 434 So.2d 392 (La.,1983). This shall occur when the reasons for sentence do not appear in the record and the sentence is severe in relation to the particular offender and actual offense committed. State v. Paddie, supra. Absent compliance with sentencing guidelines a reviewing court does not have the appropriate criteria by which to measure the sentence imposed. State v. Bourgeois, 388 So.2d 359 (La.1980). However, if the record plainly supports the sentence imposed, although there exists a lack of compliance with sentencing guidelines, the reviewing court will not remand for resentencing. State v. Bertram, 511 So.2d 1171 (La.App., 4th Cir., 1987), writ den. 517 So.2d 810 (La., 1988).
In this case the trial judge relied upon a pre-sentence investigation report before imposing the sentence. The trial judge stated:
BY THE COURT:
Mr. Ryan, the Court ordered a Pre-Sentence Investigation into your background in this particular matter. The Court finds in reviewing the Pre-Sen-tence Investigation, that you’re presently on probation for another offense out of Louisiana and, therefore, the Court is not going to give you probation in this particular case because I do not feel you are eligible for probation. The court is mindful of 894.1 of the Code of Criminal Procedure in sentencing the defendant.
I feel, first, that if the defendant is placed on probation, there is an undue risk that during the period of a suspended sentence, he would commit another crime. To support that, the Court looks at your record, that you have violated laws of the state while on probation. Secondly, I feel that you are in need of a correctional treatment that can be most effectively provided by your commitment to an institution. Thirdly, I feel that any lesser sentence than the one I will impose will depreciate the seriousness of the offense.
Under these circumstances we find that the trial judge addressed the conditions which should have been present before the imposition of sentence. Additionally, we find that the record plainly supports the sentence imposed. Accordingly, this assignment lacks merit.
For the reasons assigned the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Ryan was charged with possession with the intent to distribute cocaine (count 1), hydro-morphone (count 2), pentazocine (count 3), phenmentrazine (count 4) and phencyclidine (count 5). Following a judge trial he was found guilty of attempted possession of the various substances in counts 1 through 4 and of possession of phencyclidine on count 5. Thereafter the trial judge granted a post-verdict judgment of acquittal on counts 1-4, thereby maintaining only the judgment of guilty on count 5.

. The trial judge indicated that he found this policeman’s testimony to be credible and that he disregarded Officer Vaccarella’s testimony as not being credible.