550 So.2d 265 (1989)
STATE of Louisiana
v.
Alvin L. WELCH.
No. KA-7983.
Court of Appeal of Louisiana, Fourth Circuit.
September 14, 1989.
Harry F. Connick, Dist. Atty. and R. Jeffrey Bridger, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
SCHOTT, C.J., and PLOTKIN and BECKER, JJ.
BECKER, Judge.
Defendant, Alvin L. Welch, was indicted by grand jury with second degree murder (a violation of LSA-R.S. 14:30.1). Defendant's first trial ended in a hung jury. After a second trial by jury, defendant was found guilty of manslaughter and sentenced to serve eighteen years at hard labor. Defendant's only assignment of error on appeal is that the trial court erred in imposing an unconstitutionally excessive sentence.
On May 25, 1985, the victim, Lloyd Savoy, was a passenger in a car driven by his friend, Anthony Weaver. On the victim's suggestion, the men went to the Fisher Housing Project to purchase cocaine. There, Weaver's car stalled, and while he *266 was attempting to have the car jump started, the victim and another man purchased cocaine. The defendant may have been the seller in this transaction. As Weaver and Savoy were beginning to leave, Savoy asked Weaver to stop, then called to the defendant who was standing nearby selling cocaine. When the defendant approached the car and pulled a pocket of cocaine from his pocket, Savoy attempted to grab the cocaine. In response, the defendant pulled out a .38 caliber pistol and shot the victim three times; once each in the head, arm and shoulder. The gunshot wound to the head proved fatal.
On June 3, 1985, the defendant confessed to this crime. At trial, his statement was read to the jury by Detective Donald Saucier. Welch claimed he panicked but did not intend to kill the victim. He thought the victim was trying to steal the packet of cocaine. Welch stated that he only wanted to scare the victim. The victim's friend, Anthony Weaver, testified at trial that Savoy had money to buy the cocaine. The record reveals that a bloodied five dollar bill was found on the passenger side of the Weaver vehicle.
An autopsy performed on the victim revealed a slight presence of alcohol and traces of cocaine and morphine.
In his sole assignment of error, defendant contends that the trial court erred in failing to consider the guidelines set forth in La.C.Cr.P. art. 894.1 and in imposing a constitutionally excessive sentence.
The Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. Art. I, Section 20. Even though a sentence may be within the statutory limits, it may violate a defendant's right against excessive punishment under the particular circumstances of the case. State v. Sepulvado, 367 So.2d 762 (La. 1979). To determine if a particular sentence is excessive we must find that, in light of the harm caused to society, the sentence is so grossly disproportionate to the crime as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980). A reviewing court should compare the particular offender's punishment with the sentence imposed for similar crimes by the same court or other courts when determining whether a particular sentence is unconstitutionally disproportionate. State v. Guajardo, 428 So.2d 468 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983). However, a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Spencer, 374 So.2d 1195 (La.1979).
The Louisiana Supreme Court has held that the criteria set forth in La.C.Cr.P. art. 894.1 are appropriate guidelines for determining whether a particular sentence, while within the statutory limit, is excessive. State v. Sepulvado, supra. The guidelines set out in this article are also to be used by the trial court in particularizing the sentence to the individual defendant and crime. The jurisprudence has held that a trial judge must articulate for the record his consideration of these factors when imposing sentence. However, it is not necessary for the trial judge to enunciate every factor considered in his reasons for the imposed sentence as long as there is evidence elsewhere in the record that the factors have been considered in particularizing the sentence. State v. Soco, 441 So.2d 719 (La.1983); State v. Telsee, supra; State v. Robinson, 423 So.2d 1053 (La. 1982); State v. Bradley, 414 So.2d 724 (La.1982); State v. Washington, 414 So.2d 313 (La.1982); State v. Sims, 410 So.2d 1082 (La.1982).
The maximum sentence defendant could receive under LSA-R.S. 14:31 is twenty one years. The trial court sentenced defendant to eighteen years at hard labor.
While the trial judge in this case failed to sufficiently set forth the factors considered in the imposition of this sentence, there is no need to remand the matter for resentencing. We find that record clearly shows an adequate factual basis which supports the sentence imposed. State v. Bertram, 511 So.2d 1171 (La.App. 4th Cir.1987), writ denied, 517 So.2d 810 (La.1988); State v. Hawthorne, 454 So.2d 285 (La.App. 4th Cir.1984), writ denied, 457 So.2d 1201 (La. *267 1984). Defendant shot Mr. Savoy three times at close range with only the slightest provocation. Further, the defendant was involved in the commission of a felony (the sale of cocaine) when he committed the murder. Nor did Welch show any remorse for his actions. We do not find that sentence to be excessive. This assignment of error is without merit.
Accordingly, defendant's sentence to eighteen years at hard labor for the conviction of manslaughter is hereby affirmed.
AFFIRMED.
PLOTKIN, J., dissents with written reasons.
PLOTKIN, Judge, dissenting:
I respectfully dissent from the majority's conclusion that the defendant's 18-year sentence was not excessive under the circumstances, despite its finding that the trial judge failed to comply with the mandatory requirements of La.C.Cr.P. art. 894.1. I would remand to the trial court for resentencing, with instructions that the court properly consider the sentencing guidelines established by the codal article.
The defendant in the instant case was convicted of manslaughter and sentenced to 18 years at hard labor. The maximum penalty for the crime is 21 years at hard labor. Although the sentence imposed does not exceed the statutory maximum, it may nonetheless be considered "excessive" under the circumstances. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). This is especially true in situations, like the instant case, where the sentence imposed is "apparently severe" in light of the facts in the record. Id.
La.C.Cr.P. art. 894.1 establishes certain statutory criteria which must be considered by trial courts in imposing sentences to "measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives." Id. at 769. Although Louisiana courts have stopped short of requiring trial courts to articulate every aggravating and mitigating circumstance enumerated in the article, they have required that the record reflect that the court considered the La.C.Cr.P. art. 894.1 guidelines in particularizing the sentence to the defendant involved. State v. Quebedeaux, 424 So.2d 1009, 1014 (La.1982); State v. Forde, 482 So.2d 143, 145 (La.App. 4th Cir.1986).
In the instant case, the trial judge made only one statement concerning the sentence, stating that "the Court totally concurs that there was more than sufficient evidence beyond a reasonable doubt to sustain the verdict which it returned as the factual basis for the imposition of sentence under 894.1, A-1, 2 and 3." That statement is the only clue available to a reviewing court to determine the basis of the sentence; the trial judge made no reference to such "important elements" as the defendant's personal history, prior criminal record or absence thereof, seriousness of the particular offense, or the likelihood of recidivism or rehabilitation before imposing sentence, as required by the jurisprudence. State v. Soco, 441 So.2d 719, 720 (La.1983);
The Louisiana Supreme Court has held that a reviewing court may vacate a sentence and remand for resentencing in compliance with the article when the trial court fails to comply with the mandatory requirements of La.C.Cr.P. art. 894.1. State v. Paddie, 434 So.2d 392, 394 (La.1983). Absent articulation of the aggravating and mitigating circumstances as required by the article, the reviewing court lacks appropriate criteria by which to measure whether the sentence imposed is excessive. State v. Bourgeois, 388 So.2d 359, 365 (La. 1980).
Despite the general principle stated above, the majority has elected to exercise the option to affirm the sentence, finding that the record in the instant case "shows an adequate factual basis which supports the sentence imposed," citing State v. Bertram, 511 So.2d 1171 (La.App. 4th Cir. 1987), writ denied 517 So.2d 810 (La.1988). The majority then recites several of the facts of the case which could only be characterized as "aggravating circumstances." *268 There is no discussion of any of the possible mitigating circumstances, such as the fact that the defendant is apparently a first offender, since no multiple bill was filed against him. The defendant's sentence to 18 years at hard labor is on the upper end of the permissible punishment for the crime for which he was convicted, since the maximum penalty is 21 years. I believe that the defendant is entitled to consideration of both the aggravating and the mitigating circumstances surrounding his crime prior to imposition of sentence, as the codal article requires.
For the above and foregoing reasons, I would remand the case to the trial court for resentencing and require the judge to comply with the requirements of La.C.Cr.P. art. 894.1. I therefore dissent from the majority's opinion affirming the sentence.