824 So.2d 517 (2002)
STATE of Louisiana
v.
Darold J. ANDERSON.
No. 02-KA-273.
Court of Appeal of Louisiana, Fifth Circuit.
July 30, 2002.
*519 Paul D. Connick, Jr., District Attorney, Churita H. Hansell, Terry M. Boudreaux, William C. Credo, III, Assistant Dist. Attys., Gretna, LA, for Plaintiff-Appellee.
Holli Herrle-Castillo, Louisiana Appellate Project, Marrero, LA, for Defendant-Appellant.
(Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and WALTER J. ROTHSCHILD).
EDWARD A. DUFRESNE, JR., Chief Judge.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Darold Anderson, with aggravated battery, a violation of LSA-R.S. 14:34. The matter proceeded to trial by judge at the conclusion of which defendant was found guilty as charged. The trial judge sentenced defendant to imprisonment at hard labor for eight years.
The state filed a multiple offender bill of information, alleging defendant to be a fourth felony offender.[1] After a hearing, the court found defendant to be a second felony offender and thereafter imposed an enhanced sentence of sixteen years at hard labor. Defendant now appeals.

FACTS
At trial, Deputy Scott Vinson of the Gretna Police Department testified that on June 19, 2000, he responded to a call regarding a simple battery at the Pinnacle Motel on the Westbank Expressway. Around midnight, the deputy, accompanied by the alleged victim, knocked on defendant's motel door. When defendant opened the door, the victim confirmed that defendant was the perpetrator and then left pursuant to the officer's instruction. Defendant became verbally abusive, making threats against the officer.
Defendant then attempted to close the door. There was a brief physical struggle in the doorway, but Deputy Vinson was able to keep the door open. Vinson felt physically threatened, so he called for additional officers. Defendant threw an unknown object through the window of the room. Defendant then picked up a clothes iron and swung it by the cord. Vinson *520 raised his arm to protect himself, and the iron struck his left forearm. Vinson considered the iron to be a dangerous weapon, and a threat to his safety. He drew his gun, and ordered defendant to put down the iron. Defendant shouted more threats at Vinson. When the deputy repeated his order, defendant put down the iron. Additional police units arrived at the scene, at which time defendant was placed under arrest.

ASSIGNMENT OF ERROR NUMBER ONE
In his first assigned error, defendant argues that the trial court erred by allowing into evidence other crimes committed by defendant where no Prieur[2] motion had been filed or heard, and where the victim of the other crime was not present to testify. Defendant specifically complains about the prosecutor's repeated questions regarding the battery that Deputy Vinson was investigating, in which defendant was accused of being the perpetrator. We find no merit to defendant's argument.
At trial, the following exchange occurred during Deputy Vinson's testimony:
BY MR. CREDO [prosecutor]:
Q. Officer, would you state the facts and circumstances that led up to your arrest of Mr. Anderson?
A. Yes, sir. I had responded to 91 Express.
Q. What is located at that location, please, sir?
A. That would be the Pinnacle Motel.
Q. Is that a commercial outlet that furnishes rooms for lease?
A. Yes, sir, it is.
Q. Upon your arrival there, did you confront or were you given information concerning an alleged incident which occurred prior to your arrival?
A. Yes, sir, it was an alleged simple battery had occurred at that location.
At that point in the testimony, defense counsel objected and moved for a mistrial. She argued that, in making reference to a simple battery, an offense unrelated to the instant charge, the officer had divulged inadmissible other crimes evidence which prejudiced her client. The judge ruled:
The Court will take that simply to establish why the police officer arrived at the location. And the Court will not give any weight or effect to the reason to the nature of the call or any insinuation that this defendant was involved in some other crime.
The prosecutor thereafter asked Deputy Vinson whether he had anyone with him when he knocked on the door at the motel. The officer responded, "I had the victim with me." Defense counsel objected to the mention of a "victim." The judge did not rule on the objection. The prosecutor asked Vinson whether he was able to determine that defendant was the person he was looking for. Vinson responded, "That's correct, sir." Defense counsel did not object at that point. The officer explained that his intention in seeking out defendant was to, at most, issue a summons, but that defendant immediately became violent.
The prosecutor later asked whether Vinson placed defendant under arrest. Vinson replied:
At the moment that I knocked on the door and we had our first confrontation, he was told this had absolutely nothing to do with other part. Now for his crimes against the City of Gretna, he was told that he was under arrest. (Emphasis supplied).
*521 Although this appears to have been another reference to the alleged simple battery, defense counsel did not object. Counsel did, however, object to the state's attempt to enter into evidence Deputy Vinson's police report, arguing that it contained references to five unrelated crimes for which defendant was arrested.
At the conclusion of the state's examination of Deputy Vinson, the judge stated:
Okay, I understand your objection. The Court is not going to allow the introduction of those documents.... And the Court is not going to consider the allegation of battery for any other purpose other than to explain why the police officer went to the defendant's residence that evening.
Generally, evidence of other crimes is inadmissible at trial because of the risk of grave prejudice to the defendant. State v. Williams, 01-1007 (La.App. 5 Cir. 2/26/02), 811 So.2d 1026, 1030. LSA-C.Cr.P. art. 770 provides, in pertinent part:
Upon motion of a Defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
. . . .
(2) Another crime committed or alleged to have been committed by the Defendant as to which evidence is not admissible.
As a police officer, Deputy Vinson is not considered a "court official" within the meaning of Article 770. State v. Tuckson, 00-1408 (La.App. 5 Cir. 2/28/01), 781 So.2d 807, 814. However, an impermissible reference to another crime deliberately elicited by the prosecutor is imputable to the state, and therefore triggers the rule mandating mistrial. State v. Jones, 00-162 (La.App. 5 Cir. 7/25/00), 767 So.2d 862, 866, writ denied, 00-2484 (La.6/22/01), 794 So.2d 783.
The Fourth Circuit has held that Article 770(2) is applicable only in jury trials, and not in bench trials. State v. Bertram, 511 So.2d 1171, 1172 (La.App. 4 Cir.1987), writ denied, 517 So.2d 810 (La.1988). Citing Bertram, the court in Jenkins v. Baldwin, 00-0802 (La.App. 4 Cir. 8/29/01), 801 So.2d 485, 492, stated that "[t]he admissibility of evidence in a judge trial is different from the requirements of jury trials.... A judge, unlike a jury, by virtue of the judge's training and knowledge of the law is fully capable of disregarding any impropriety." Compare State v. Myers, 584 So.2d 242, 253 (La. App. 5 Cir.1991), writ denied, 588 So.2d 105 (La.1991), cert. denied, 504 U.S. 912, 112 S.Ct. 1945, 118 L.Ed.2d 550 (1992), in which this court found that the Bruton[3] rule "does not apply in a bench trial because it is presumed that the judge is capable of applying the rule of limited admissibility and will consider the proffered statement with respect to the confessor's guilt alone." Based on this jurisprudence, as well as the judge's comments at trial that he would disregard all "other crimes" testimony, we find that the trial court did not err in denying defendant a mistrial based on the admission of other crimes evidence. This assigned error is without merit.

*522 ASSIGNMENT OF ERROR NUMBER TWO

In his second assigned error, defendant complains that his sixteen year sentence as a second felony offender is unconstitutionally excessive. He further argues that the trial judge did not take the proper statutory factors into consideration in imposing sentence.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739, 751 (1992); State v. Munoz, 575 So.2d 848, 851 (La.App. 5 Cir.1991), writ denied, 577 So.2d 1009.
In reviewing a sentence for excessiveness, the appellate court must consider the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. The trial judge is afforded wide discretion in determining a sentence, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. McCorkle, 97-966 (La.App. 5 Cir. 2/25/98), 708 So.2d 1212.
As a second felony offender, defendant was subject to a sentencing range of five to twenty years. Defendant's sentence is close to the statutory maximum. We find that the record supports the sentence imposed. Although the trial judge did not fully articulate the factors set forth in LSA-C.Cr.P. art. 894.1, he had the assistance of a Pre-sentence Investigation Report in determining defendant's sentence. The report shows that defendant, who was age forty-three at the time of sentencing, had an adult arrest record dating back to 1975. He had more than forty arrests for offenses that ranged from criminal mischief and simple burglary to aggravated rape and possession of heroin. Defendant's record included numerous arrests for battery on a police officer. The report indicates that, at the time of his arrest, defendant had three outstanding attachments in Second Parish Court in Jefferson Parish. The vast majority of defendant's prior criminal charges were marked as "dismissed" or "refused." However, a sentencing judge may consider not only convictions, but past criminal activity which did not result in conviction. State v. Gilbert, 00-1822 (La.App. 5 Cir. 5/16/01), 788 So.2d 574, 577. It is notable that defendant would have been subject to a mandatory life sentence had the state met the requirements for proving defendant to be a third or fourth felony offender.
It is also significant that defendant was disruptive and abusive throughout the course of the trial court proceedings. He often did not cooperate with his attorney, and was, at one point, held in contempt of court.
We lastly note that the trial judge's comments at the multiple offender sentencing indicate that he carefully considered the sentence imposed. The trial judge stated as follows:
Well, you know, obviously I thought about it a lot. And this is a hefty sentence you're getting, but it's a lot less than, as you know, you could have gotten. And I hope thatLooking at your past and your record, a lot of it comes with problems managing your anger in different situations, and I hope that you're able to deal with that. Because if you are, I have no doubt that you can come back to society and be a productive member of society and live a good life.
*523 Based on the foregoing discussion, we find that the trial court did not abuse its discretion in imposing an enhanced sentence of sixteen years. This assigned error is likewise without merit.

ERRORS PATENT REVIEW
We have also reviewed the record for errors patent, pursuant to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals that the trial court failed to advise defendant of the two year prescriptive period for applying for post-conviction relief, as required by LSA-C.Cr.P. art. 930.8. Accordingly, we instruct the trial court to send the appropriate written notice to defendant regarding the prescriptive period for post-conviction relief and to file written proof in the record that defendant received the notice. State v. McCorkle, supra.
For the reasons set forth herein, defendant's conviction and sentence are hereby affirmed. The matter is remanded for further action in accordance with this opinion.
SENTENCE AFFIRMED; MATTER REMANDED FOR FURTHER ACTION.
NOTES
[1] When defendant appeared for arraignment on the multiple bill, he became verbally abusive in court. The judge found defendant in contempt of court and sentenced him to six months at hard labor to run consecutively with any other sentence being served.
[2] State v. Prieur, 277 So.2d 126 (La.1973)
[3] In Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the United States Supreme Court held that the admission of a statement of a co-defendant which implicates the other co-defendant violates the implicated co-defendant's right of confrontation, where the co-defendant making the statement does not take the stand.