864 So.2d 668 (2003)
STATE of Louisiana
v.
Katherine E. BEHRE.
No. 03-KA-896.
Court of Appeal of Louisiana, Fifth Circuit.
December 9, 2003.
*669 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, LA, for State.
Bruce G. Whittaker, New Orleans, LA, for defendant-appellant.
Panel composed of Judges MARION F. EDWARDS, CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
CLARENCE E. McMANUS, Judge.
On October 18, 2002, the Jefferson Parish District Attorney filed a bill of information charging defendant, Katherine Behre, with theft of goods valued at between one hundred and five hundred dollars. La. R.S. 14:67.10. Defendant was arraigned on October 21, 2002, and pled not guilty. She was tried by a six-person jury and found guilty of a lesser included offense attempted theft of goods valued between one hundred and five hundred dollars. She was sentenced to one year in prison. For the following reasons, we affirm her conviction and sentence but remand for further proceedings.

FACTS
Latoya Scott testified that, on September 17, 2002, she was employed in the electronics department at a Wal-Mart store on Veterans Boulevard in Metairie. She saw defendant, Katherine Behre, enter the department with an unknown male companion. The pair picked up several DVDs, and defendant took them out of the department. Ms. Scott watched defendant wander from one department to another in the store. Ms. Scott testified that defendant and her male companion eventually separated, and that she lost sight of the man.
Ms. Scott followed defendant into a ladies' restroom at the back of the store. She hid in a toilet stall and watched through a gap in the door as defendant used a box cutter or knife to remove plastic wrappings and security sensors from the DVDs. Defendant placed the DVDs in the large tote bag she was carrying, and threw the wrappings and sensors into a trash can. She then exited the restroom. Ms. Scott retrieved the DVD wrappings and sensors from the ladies' room trash can.
Detective Eric Hunt of the Jefferson Parish Sheriff's Office was working a private duty detail at the store. When Ms. Scott became aware of defendant's activities, she alerted the officer. He intercepted defendant outside of the restroom. He asked defendant where the DVDs were, and defendant denied having the merchandise. Detective Hunt testified that defendant's tote bag was open and the DVDs were visible. The officer recovered the merchandise and took defendant into custody. Defendant had a box cutter in her possession, and it was placed with her property when she was transferred to the police lockup.
*670 Ms. Scott testified that defendant never attempted to pay for the DVDs. After defendant was apprehended, the items were scanned using a store cash register, and their value totaled $205.02 without sales tax. The printed receipt documenting prices of the scanned items and a photograph of the recovered DVDs were admitted at trial.
Defendant was tried by a six-person jury on December 10, 2002. The jury found her guilty of a lesser included offense: attempted theft of goods valued at one hundred dollars or more, but less than five hundred dollars. La. R.S. 14:27:67.10. Defendant waived statutory delays, and the trial court sentenced her that day to one year in Jefferson Parish Prison. Defendant filed a timely motion for appeal on December 16, 2002, and the trial court granted it on December 17, 2002. Defendant filed this appeal.

DISCUSSION
By this assignment, defendant complains that her one-year sentence, the maximum statutory penalty,[1] is excessive, considering she was a seventeen-year-old first time offender. Defendant did not file a timely motion to reconsider sentence, nor did she make an oral motion. Generally, the failure to comply with the provisions of La.C.Cr.P. art. 881.1 precludes review of a sentence on appeal. See, State v. Ewens, 98-1096, p. 10 (La.App. 5 Cir. 3/30/99), 735 So.2d 89, 96, writ denied, 99-1218 (La.10/8/99), 750 So.2d 179. However, this Court has routinely reviewed sentences for constitutional excessiveness, even absent a proper motion to reconsider sentence. State v. Anderson, 01-789, p. 8 (La.App. 5 Cir. 1/15/02), 807 So.2d 956, 961, writ denied, 02-0569 (La.1/24/03), 836 So.2d 42.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit imposition of excessive punishment. A sentence is constitutionally excessive, even if it is within statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. State v. Sims, 02-1244, p. 8 (La.App. 5 Cir. 4/29/03), 845 So.2d 1116, 1121. Trial judges are granted great discretion in imposing sentence, and if the record supports the sentence imposed, the court of appeal will not set it aside on grounds of excessiveness. La.C.Cr.P. art. 881.4(D); State v. Richmond, 98-1015, p. 8 (La.App. 5 Cir. 3/10/99), 734 So.2d 33, 38.
Factors an appellate court may consider in reviewing the sentencing judge's discretion are: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Harris, 02-1048, pp. 3-4 (La.App. 5 Cir. 2/25/03), 841 So.2d 1005, 1007. A sentencing judge may consider a defendant's prior convictions, as well as past criminal behavior that did not result in a conviction. State v. Anderson, 02-273, p. 7 (La.App. 5 Cir. 7/30/02), 824 So.2d 517, 522, writ denied, 02-2519 (La.6/27/03), 847 So.2d 1254.
Defendant argues on appeal that she is not the worst type of offender, for whom maximum sentences are reserved. She further complains that the trial judge improperly based her sentence on a criminal charge that was pending against her.
In imposing sentence, the trial judge stated:
Probably had a 17-year-old sat before me as a first offender without having been indicted by the Jefferson Parish *671 Grand Jury with the charge of second-degree murder. In all likelihood, anybody else who would have been a first offense for stealing because of shoplifting would have gotten probation.... But I do have the right to take into account your background, all of your background. I'm not saying you are guilty. I don't know what happened with the murder. I don't know. You may be guilty of second-degree murder; you may be guilty of manslaughter; you may be not guilty; you may have acted in self-defense.
But, I'm going to tell you this: What I know, uncontroverted about the murder that I have the right to take into account, is, I know you, Katherine Behre, went to that levee. I know you went there to engage in a fight with another girl and I know you went to that levee with a knife on you. I know that.
Now, whether you got involved in a fight and had to use that knife to defend yourself, which may well have been justified and may well exonerate you from the second-degree murder charge, I don't know. That's going to be decided by twelve citizens down the road. But right now I have a 17-year-old that carried a knife on her and went on the levee to engage in a fight. That to me is wrong. That 17-year-old, as long as I sit here, would not get probation, any 17-year-old.
So, please understand: You are not being treated any differently from any other 17-year-old who would be involved in the same sort of activity.
Defendant concedes that the jurisprudence allows the trial court to consider various sources of information regarding a defendant's criminal background in arriving at a sentence. She argues, however, that because the scope of information available to the court for sentencing purposes is so broad, she has a due process right to rebut prejudicially false or misleading information which may affect the sentencing determination. Defendant cites State v. Parish, 429 So.2d 442 (La. 1983), in which the trial court sentenced the defendant based on the contents of a pre-sentence investigation report, as well as on information about the defendant's alleged criminal activity that came to light during a bond reduction hearing. In appealing his sentence, the defendant complained that the trial court improperly refused to allow him an evidentiary hearing to rebut the trial judge's inference that defendant had committed another offense after the offense at issue.
The supreme court affirmed the sentence imposed, reasoning, in part:
While the fundamental precepts of due process require that a criminal defendant be afforded an opportunity to rebut or explain prejudicial or erroneous information in a pre-sentence report, a full scale evidentiary hearing is not required in a sentencing hearing where the defendant is given an opportunity to traverse or explain the allegedly false information.... In our opinion, the defendant was afforded ample opportunity to make the trial judge aware of his view of the incident such that a full-scale evidentiary hearing was not required.
Id. at 444-445 (citations omitted).
In the instant case, the judge did not state for the record the source of his information regarding defendant's pending murder charge. Based on the judge's comments, it appears he was referencing a grand jury indictment charging defendant with murder, as well as documentation of some of the alleged facts surrounding the alleged murder. As in Parish, defendant had an opportunity to object to the court's assertions regarding the pending charges against her, or to request an evidentiary *672 hearing to determine the validity of the court's pronouncements. Defendant did neither. Moreover, as noted above, she failed to make her objections known in a motion to reconsider sentence. In her appeal to this Court, defendant does not specifically point to any inaccuracies in the trial judge's statements at sentencing.
It does not appear that the trial court exceeded its broad discretion in basing defendant's sentence on a criminal charge that was apparently pending against her. Therefore, we affirm defendant's conviction and sentence.
The record was reviewed for errors patent. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990). LSA-C.Cr.P. art. 930.8 provides that a defendant has two years from the date "the judgment of conviction and sentence become final" within which to file a post-conviction relief application. While the commitment shows that the trial court advised defendant of the prescriptive date, the record does not show that the court gave such an instruction. Where the transcript conflicts with the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).
When the trial judge fails to inform a defendant of the prescriptive period for filing a post-conviction relief application, this Court typically remands the matter, ordering the district court to inform the defendant of the provisions of Article 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of the Court's opinion, and to file written proof of such notice in the record. Therefore, we remand this matter to the trial court and the district court judge is ordered to send written notice of the proper prescriptive period for post-conviction relief as set forth in LSA-C.Cr.P. art. 930.8, specifically including an advisal of when the period begins to run, within ten days of the rendering of the opinion, and file written proof in the record that defendant received notice.
CONVICTION AND SENTENCE AFFIRMED; REMANDED FOR FURTHER PROCEEDINGS
NOTES
[1] See, LSA-R.S. 14:27 and LSA-R.S. 14:67.10(B)(2).