927 So.2d 507 (2006)
STATE of Louisiana
v.
Donnie FAZANDE.
No. 05-KA-901.
Court of Appeal of Louisiana, Fifth Circuit.
March 28, 2006.
*509 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Juliet Clark, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY, and CLARENCE E. McMANUS.
EDWARD A. DUFRESNE, JR., Chief Judge.
The Jefferson Parish District Attorney filed a bill of information on October 10, 2003, charging defendant, Donnie Fazande, with distribution of marijuana in violation of LSA-R.S. 40:966(A). He pled not guilty and filed several pre-trial motions including motions to suppress the evidence and identification, which were denied after a hearing. The matter proceeded to trial on September 20, 2004. After a two day trial, the jury found defendant guilty as charged. On November 3, 2004, the trial court sentenced defendant to fifteen years with the Department of Corrections. Defendant now appeals.
The state subsequently filed a multiple offender bill of information alleging defendant to be a fourth felony offender based on a prior conviction for unauthorized entry of an inhabited dwelling and two drug convictions. Pursuant to a plea agreement, defendant admitted to being a second felony offender and was sentenced to twenty years at hard labor.

FACTS
On March 21, 2003, Deputy Victor Howard, working as an undercover agent for the Jefferson Parish Sheriff's Office, came into contact with defendant while attempting to purchase narcotics. According to Deputy Howard, an unidentified older man instructed him to drive down to the corner where defendant was standing on the sidewalk. Deputy Howard gave the older man money at which time the older man met with defendant on the sidewalk and exchanged the money for marijuana. The older man then returned to Deputy Howard's vehicle and gave him the marijuana. Defendant never approached Deputy Howard's vehicle, which was equipped with audio and video recording devices, but rather remained on the sidewalk during the entire transaction.[1]
Deputy Howard encountered defendant a second time six days later on March 27, *510 2003. During that encounter, Deputy Howard engaged in a drug transaction directly with defendant although the transaction occurred away from Deputy Howard's vehicle. Deputy Howard testified that he approached defendant, after remembering him from the previous transaction, and asked defendant if he could buy some herb. Defendant instructed Deputy Howard to get out of his car at which time defendant gave Deputy Howard four bags of marijuana. Deputy Howard explained that most people refuse to come to the driver's side window because they suspect the police. Upon returning to his vehicle, Deputy Howard gave a description of defendant and noted it was the same person with whom he dealt on March 21, 2003.
Detective Eric Dufrene of the Jefferson Parish Sheriff's Office entered the area after the March 27, 2003 drug transaction and located defendant, who matched the description given by Deputy Howard of the person who sold him the drugs. Detective Dufrene approached defendant and filled out a field interview card after which defendant was released.
On April 1, 2003, Deputy Howard identified defendant in a photographic lineup as the person who sold him drugs on both March 21, 2003, and March 27, 2003.

ASSIGNMENT OF ERROR NUMBER ONE
In his first assigned error, defendant argues that Deputy Howard was impermissibly allowed to testify on the ultimate issue of defendant's guilt. Defendant contends the trial court erred in allowing the prosecutor to present a hypothetical, virtually identical to the facts of the present case, and asking Deputy Howard to conclude whether a crime had been committed. Defendant maintains an expert cannot express an opinion as to the guilt or innocence of the accused.
LSA-C.E. art. 704 provides that "... an expert witness shall not express an opinion as to the guilt or innocence of the accused." Such prohibition applies even if the opinion is solicited through the presentation of a hypothetical situation. State v. Deal, 00-434 (La.11/28/01), 802 So.2d 1254, 1261, cert. denied, 537 U.S. 828, 123 S.Ct. 124, 154 L.Ed.2d 42 (2002).
In the present case, although defendant was only charged with the March 27, 2003 incident, Deputy Victor Howard testified regarding both incidents involving defendant. During his testimony, the state played two videotapes, one dated March 21, 2003, and one dated March 27, 2003. While the March 27, 2003 videotape was being played, the state asked Deputy Howard a few questions. The state first asked if defendant recognized Deputy Howard from several days earlier to which Deputy Howard affirmatively responded. The state then tried to clarify a statement Deputy Howard had made on the videotape by asking, "Now, Deputy, when you're driving up to where Donnie Fazande is standing you say: `I think that's the person that sold me the other day.' Correct?" Deputy Howard agreed. The state proceeded to pose a hypothetical: ". . . [i]f I give Miss Senner thisIf I give Miss Senner that marijuana to give to you, have I committed a crime?. . . . Have I distributed marijuana to you?" Defendant objected but his objection was overruled. Deputy Howard responded affirmatively.
As noted by the state in its appellee brief, this hypothetical did not parallel the crime with which defendant was charged but rather mirrored the facts of the March 21, 2003 incident. Thus, by answering the hypothetical, Deputy Howard did not testify as to the ultimate issue of defendant's guilt regarding the charged offense.
*511 Additionally, when considered in context of the entire trial, the state's hypothetical appears to be an attempt to overcome defendant's suggestion in opening statement that there was an identification problem. In particular, defense counsel told the jury there were two suspects involved in the March 21, 2003 transaction. He described the actual seller as an older black man, which the jury would see on the videotape. Defense counsel then suggested there was a problem because "Womack" (a/k/a Deputy Howard) stated that the person who sold him the drugs on March 27, 2003, was the same person who sold him the drugs on March 21, 2003, which was not defendant.
In his testimony, Deputy Howard stated defendant was standing on the sidewalk during the March 21, 2003 transaction. Deputy Howard explained that he gave money to a third person, who then gave the money to defendant, who then gave marijuana to the third person, who then gave the marijuana to Deputy Howard. When Deputy Howard encountered defendant on March 27, 2003, he stated defendant was the same person who sold him marijuana on March 21, 2003. In an apparent attempt to clarify the identification issue, the state asked Deputy Howard whether a person is "selling drugs" if he hands marijuana to someone and that person gives it to someone else.
Deputy Howard's testimony did not express an opinion of defendant's guilt on the charged offense, as the hypothetical did not parallel the charged offense. Rather, the hypothetical was presented to clarify an identification issue raised by defendant. Thus, the arguments raised by defendant in this assigned error are without merit.

ASSIGNMENT OF ERROR NUMBER TWO
In his second assigned error, defendant asserts that the trial court improperly restricted his right to present a defense. He argues that his constitutional right to cross-examination was improperly restricted by the trial judge's repeated defense of Deputy Howard's credibility. Defendant contends the trial judge repeatedly vouched for Deputy Howard's credibility and expressed his resentment for defense counsel's questions that suggested Deputy Howard was anything less than credible. Defendant asserts the trial judge's personal comments effectively restricted his cross-examination of Deputy Howard.
During defense counsel's cross-examination of Deputy Howard, the jury was removed at the state's request to discuss an objection the state had to a line of questioning defense counsel was developing relating to a report of an earlier unrelated drug deal Deputy Howard was involved in on March 21, 2003. At one point, the trial judge noted defense counsel's disrespectful attitude towards the court. The parties continued to discuss the relevance of the alleged existence of an unrelated drug deal and how it impacted the identification issue in the present case when the trial judge stated:
And let me just state on the Record that this police officer testified before me before in this case and in other cases, and I have no reason to doubt his credibility or that he is misrepresenting anything to the Court or has ever said anything that's incorrect to this Court. And I resent your insinuations to the contrary in my presence about this police officer.
Defense counsel responded by asking, "You want me not to question his credibility?" In response, the trial judge instructed the jury to be brought back in and told defense counsel he could ask the witness *512 about whether he took a Polaroid picture in this particular case.
The jury was brought back in and, according to the transcript, cross-examination continued for fourteen pages. When defense counsel started to question Deputy Howard about the March 21, 2003 case, the state objected and asked for a bench conference. At the bench conference, defense counsel explained he intended to ask Deputy Howard whether he knew defendant was not being prosecuted for the first transaction. The trial judge asked defense counsel the relevance of the inquiry. Defense counsel suggested it was suspect for the state not to prosecute the March 21, 2003 incident if it had enough faith in Deputy Howard's identification of defendant as the perpetrator. The trial judge replied, "That is the most ridiculous statement I've ever heard," and sustained the objection. Thereafter, defendant moved for a mistrial on the basis the jury overheard the judge's comment. The motion for a mistrial was implicitly denied, without objection, when the trial judge stated the comment was made at a bench conference out of the hearing of the jury and instructed defense counsel to ask his next question.
Defendant relies upon these two incidents to support his contention that his cross-examination of Deputy Howard was improperly curtailed. In the present case, defendant failed to object to the judge's remarks at trial. He also failed to object to the trial court's denial of his motion for mistrial which was based on a comment by the judge. Therefore, defendant has waived his right to raise the propriety of the judge's remarks on appeal. LSA-C.Cr.P. art. 841. See State v. Johnson, 03-620 (La.App. 5 Cir. 10/28/03), 860 So.2d 180, 188, writ denied, 03-3171 (La.3/19/04), 869 So.2d 849, where this court found the defendant had failed to preserve the issue of the trial judge's improper comments on the value of certain defense testimony because the defendant failed to object to the comment at trial.
Moreover, even had defense counsel properly objected, there is no merit to defendant's arguments. First, both remarks were made during bench conferences, one of which was conducted in the absence of the jury. There is no indication in the record that the jury overheard the trial judge's second remark other than defense counsel's assertion that they may have heard. While a trial judge's disparaging remarks or intemperate criticism of defense counsel may constitute reversible error, the effect of the improper comments must be such so as to have adversely influenced the jury against defendant and contributed to the verdict. State v. Hubbard, 97-916 (La.App. 5 Cir. 1/27/98), 708 So.2d 1099, 1105, writ denied, 98-0643 (La.8/28/98), 723 So.2d 415. There is nothing in the record that shows the jury heard the comments or that the comments influenced the jury and contributed to the jury's verdict against defendant.
Second, defendant fails to state how his cross-examination of Deputy Howard was curtailed by the trial judge's comments about Deputy Howard's credibility. Defendant only argues the judge's remarks had a "chilling effect" on his cross-examination and suggests that as a result of the judge's remarks he did not fully cross-examine Deputy Howard. However, defendant fails to specify what questions he felt he was prevented from asking. A review of defense counsel's cross-examination shows he was able to fully question and challenge Deputy Howard about his description and identification of defendant as the perpetrator.
Based on the foregoing discussion, the arguments raised by defendant in this assigned error are likewise without merit.

*513 ASSIGNMENT OF ERROR NUMBER THREE

In his third assigned error, defendant argues that his twenty year enhanced sentence for distribution of marijuana is constitutionally excessive considering the non-violent nature of the offense.
The record indicates defendant entered into a plea agreement with regard to the multiple bill. The state filed a multiple bill of information alleging defendant was a fourth felony offender. Defendant subsequently executed a waiver of rights form with regards to the multiple bill wherein he "pled guilty" to being a second felony offender with an agreed upon sentence of twenty years. On the same day defendant executed the waiver of rights form, the state amended the multiple bill to allege defendant was a second felony offender. The appellate record does not contain a transcript of the multiple offender proceeding where defendant stipulated to being a second felony offender or where he was sentenced as a multiple offender. However, the minute entry/commitment shows the state amended the multiple bill to allege defendant was a second felony offender and defendant "pled guilty" to being a second felony offender and was sentenced to twenty years as a multiple offender.
Under LSA-C.Cr.P. art. 881.2(A)(2), a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This provision applies where a defendant admits to the allegations in a habitual offender bill as part of a sentencing agreement. State v. Bolton, 02-1034 (La. App. 5 Cir. 3/11/03), 844 So.2d 135, 142, writ denied, 03-1159 (La.11/14/03), 858 So.2d 417.
Although the transcript of the multiple bill hearing and sentencing are not part of the appellate record, the waiver of rights form and commitment in the record evidence the plea agreement. The waiver of rights form, executed by defendant, shows that defendant admitted his status as a second felony offender and understood he would receive a twenty year sentence. The multiple offender commitment shows defendant received a twenty year sentence. Both the waiver of rights form and the commitment, as well as the amendment to the multiple offender bill of information charging defendant as a second felony offender as opposed to a fourth felony offender, are all dated April 18, 2005. Therefore, we find that the plea agreement was sufficiently set forth in the record at the time of the plea so as to preclude defendant from challenging his sentence on appeal.
Accordingly, this assigned error is without merit.

ASSIGNMENT OF ERROR NUMBER FOUR
In his final assigned error, defendant requests a review for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990).
Our review reveals that defendant was not advised of the two year prescriptive period for filing an application for post-conviction relief either at the time of his original sentencing or subsequent sentencing as a multiple offender. Accordingly, we remand the matter and instruct the trial court to inform defendant of the two year prescriptive period, set forth by LSA-C.Cr.P. art. 930.8, by sending written notice to defendant within ten days of the rendition of this opinion and to file written proof in the record that defendant received such notice. State v. Pittman, 04-705 (La. *514 App. 5 Cir. 12/28/04), 892 So.2d 641, 645-646, writ denied, 05-0228 (La.5/6/05), 901 So.2d 1094.
For the reasons set forth herein, we affirm defendant's conviction and sentence and remand the matter with instructions.
DEFENDANT'S CONVICTION AND SENTENCE AFFIRMED, REMANDED WITH INSTRUCTIONS.
NOTES
[1] Defendant was not charged in the present bill of information with the March 21, 2003 offense.