928 So.2d 689 (2006)
STATE of Louisiana
v.
Troy GORDON.
No. 06-KA-8.
Court of Appeal of Louisiana, Fifth Circuit.
March 30, 2006.
Opinion Granting Rehearing May 15, 2006.
*690 Harry J. Morel, Jr., District Attorney, Howat A. Peters, Jr., Assistant District Attorney, Twenty-Ninth Judicial District, Parish of St. Charles, State of Louisiana, Hahnville, Louisiana, for Plaintiff/Appellee.
Holli Herrle-Castillo, Attorney at Law, Louisiana Appellate Project, Marrero, Louisiana, for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
MARION F. EDWARDS, Judge.
Defendant, Troy Gordon, appeals his conviction for distribution of cocaine. For the following reasons, we dismiss defendant's appeal as untimely.
On July 21, 1999, the St. Charles Parish District Attorney filed a bill of information charging defendant, Troy Gordon,[1] with distribution of cocaine. Gordon was arraigned on August 10, 1999 and pled not guilty. The State amended the bill of information on June 26, 2000 to change the year when the offense was alleged to have been committed from 1998 to 1999.
Gordon was tried by a twelve-person jury on June 26, 2000. The jury returned a unanimous verdict of guilty as charged.
On August 23, 2000, the State filed a habitual offender bill of information, alleging Gordon to be a third felony offender. On that day, Gordon was apprised of the State's allegations and entered a denial. The trial court held a habitual offender hearing on September 20, 2000, and found Gordon to be a third felony offender.
On October 25, 2000, the trial court found that the mandatory life sentence to which Gordon was exposed as a third felony offender was excessive and imposed a habitual offender sentence of twenty-eight years at hard labor. The judge further ordered that the sentence be served concurrently with the five-year sentence imposed in case number 98-0685.
Gordon did not file a timely written motion for appeal in accordance with LSA-C.Cr.P. art. 914, so we must first consider whether defendant preserved his appeal rights by other means.
On December 13, 2000, Gordon filed a motion for out-of-time appeal in proper person. The trial court denied that motion, noting that the proper procedural vehicle for seeking reinstatement of appeal rights is an application for post-conviction relief.[2] On October 31, 2002, Gordon filed an untimely application for post-conviction relief in the district court, seeking reinstatement *691 of his appeal rights. On August 2, 2005, the trial court issued an order granting Gordon an out-of-time appeal. The court denied Gordon's remaining post-conviction claims of insufficiency of the evidence and excessive sentence.
LSA-C.Cr.P. art. 930.8 A provides that, unless one of the exceptions enumerated in the article is applicable, "[n]o application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final...." Subpart A(1) of the article creates an exception where "[t]he applicant alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney." Defendant's post-conviction application was clearly untimely under Article 930.8. Moreover, the exception in subpart A(1) does not apply to defendant's application, because he failed to allege that his untimeliness was due to recently discovered facts. Accordingly, we dismiss defendant's appeal as untimely.[3]
APPEAL DISMISSED.

ON REHEARING
MARION F. EDWARDS, Judge.
We granted rehearing for the purpose of again reviewing whether defendant, Troy Gordon, timely filed the present out-of-time appeal. After careful reconsideration of the entire record, we reinstate Gordon's appeal rights, consider the merits of his appeal, affirm his conviction, and remand to correct errors patent on the face of the record.
On July 21, 1999, the St. Charles Parish District Attorney filed a bill of information charging defendant, Troy Gordon,[1] with distribution of cocaine. Gordon was arraigned on August 10, 1999, and pled not guilty. The State amended the bill of information on June 26, 2000, to change the year when the offense was alleged to have been committed from 1998 to 1999.
Gordon was tried by a twelve-person jury on June 26, 2000. The jury returned a unanimous verdict of guilty as charged.
On August 23, 2000, the State filed a habitual offender bill of information, alleging Gordon to be a third felony offender. On that day, Gordon was apprised of the State's allegations, and entered a denial. The trial court held a habitual offender hearing on September 20, 2000, and found defendant to be a third felony offender.
On October 25, 2000, the trial court found that the mandatory life sentence to which Gordon was exposed as a third felony offender was excessive, and imposed a habitual offender sentence of twenty-eight years at hard labor. The judge further ordered that the sentence be served concurrently with the five-year sentence imposed in case number 98-0685.
On August 2, 2005, the trial court issued an order granting Gordon an out-of-time appeal. The court denied defendant's remaining post-conviction claims of insufficiency of the evidence and excessive sentence. In our original opinion in this matter, we denied Gordon's out of time appeal as untimely.
Agent Samantha Wilson testified that she is a deputy with the St. John the Baptist Parish Sheriff's Office. On June 9, 1999, she worked with the St. Charles Parish Sheriff's Office conducting undercover *692 drug buys in St. Charles Parish. She drove an unmarked car, and was accompanied by a confidential informant. She testified that the informant did not participate in any of the drug transactions.
At about 6:00 p.m., Wilson saw defendant, Troy Gordon, on Boutte Estates Drive. He was driving a white Ford Taurus. Wilson stopped her car and asked him if he had a "twenty."[2] Gordon told her that he had to get something, and that she should meet him at the other end of Boutte Estates Drive. Wilson drove to the place Gordon indicated, and parked her vehicle behind his.
Wilson testified that Gordon exited his car and approached the driver's side window of her car. He gave her a piece of a rock-like substance, and she gave him twenty dollars in cash. Gordon also gave Wilson a business card on which was printed "Bass Head Records" and a telephone number. Gordon told her she could reach him at that number if she wanted to buy anything else.
Wilson testified that when the transaction was completed, she placed the rock in a small plastic evidence bag and marked it "number two," to indicate that it was from the second purchase she made that day. She later gave the evidence to Detective Allen Bryant of the St. Charles Parish Sheriff's Office. Wilson identified State's Exhibit 1 as the rock she purchased from Gordon.
Wilson said that the entire transaction was recorded by a camera hidden in her car. She identified State's Exhibit 5 as the videotape of the transaction. The prosecutor played it for the jury.
Detective Bryant testified that he acted as a back-up for Wilson on June 9, 1999. He listened to Wilson's transactions over a radio monitor from a remote location. Bryant testified that Wilson completed four drug transactions that day, and that at the end of the day she gave him the drugs she had purchased in four separate marked bags. He identified State's Exhibit 1 as the evidence he received from Wilson in relation to the second purchase. Bryant testified that he weighed the evidence and field tested it at his office. The result was positive for cocaine. Bryant placed the cocaine in the narcotics safe at the sheriff's office. It was later delivered to Deputy William Slayton, the evidence custodian.
Deputy Slayton identified State's Exhibit 1 as the off-white rock-like substance he maintained as evidence custodian. He testified that he received the evidence from Bryant on June 15, 1999. Slayton identified State's Exhibit 4 as a certified copy of a lab report from the Jefferson Parish Crime Lab. The report shows that the off-white rock-like substance tested positive for cocaine.
In his first assignment, Gordon complains the State failed to provide sufficient evidence to support his conviction for distribution of cocaine, arguing it did not prove that a drug transaction took place. Specifically, Gordon contends that the videotape introduced by the State does not corroborate Agent Wilson's eyewitness testimony. He argues that the videotape of the transaction is circumstantial evidence in that it does not show a hand-to-hand exchange between himself and the undercover officer, and that the tape leaves room for a reasonable hypothesis of innocence.
*693 The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia,[3] requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt.[4] When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 requires that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."[5] Ultimately, all evidence, both direct and circumstantial, must be sufficient under the Jackson standard to prove guilt beyond a reasonable doubt.[6]
With regard to appellate review of circumstantial evidence, the Louisiana Supreme Court has recently commented:
...[T]he pertinent question on review was not whether the appellate court found that defendant's hypothesis of innocence offered a reasonable explanation for the evidence at trial but whether jurors acted reasonably in rejecting it as a basis for acquittal. In reviewing the sufficiency of evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all the elements of the crime have been proven beyond a reasonable doubt. This standard, now legislatively embodied in La.C.Cr.P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact-finder. A reviewing court may intervene in the trier of fact's decision only to the extent necessary to guarantee due process of law. Accordingly, in cases relying on circumstantial evidence to prove one more elements of the crime, when the fact-finder reasonably rejects the hypothesis of innocence advanced by the defendant at trial, that hypothesis fails, and the verdict stands unless the evidence suggests an alternative hypothesis sufficiently reasonable that rational jurors could not find proof of the defendant's guilt beyond a reasonable doubt. (Citations omitted).[7]
LSA-R.S. 40:967 A(1) provides that it is unlawful for any person to knowingly and intentionally distribute a controlled dangerous substance classified in Schedule II. Cocaine is classified as a controlled dangerous substance under LSA-R.S. 40:964 A(4). The term "distribute," as it is used in the Uniform Controlled Dangerous Substances Law, means "to deliver a controlled dangerous substance whether by physical delivery, administering, subterfuge, furnishing a prescription, or by filling, packaging, labeling or compounding the substance pursuant to a lawful order of a practitioner."[8] The term "deliver" means "the transfer of a controlled dangerous substance whether or not there exists an agency relationship."[9] Delivery *694 has also been jurisprudentially defined as transferring possession or control.[10]
Gordon contends, as he did below, that the videotape does not corroborate Wilson's testimony that defendant handed her a rock of crack in exchange for twenty dollars. Gordon argues that, because the tape does not show his or the officer's hands, it allowed for a reasonable hypothesis of innocence  for instance, that he was simply flirting with Wilson.
Defendant's claim lacks merit. As the State points out, Wilson's testimony was, by itself, sufficient to prove the essential elements of the offense. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness' testimony, if believed by the trier of fact, is sufficient to support a conviction.[11]
Wilson testified that she asked Gordon if he had a "twenty." Gordon told her to meet him in a specific place. Wilson testified that when she met defendant there, he gave her a rock of crack, and she gave him twenty dollars in payment. She stated that Gordon gave her a business card with a telephone number on it, and told her to call him if she needed anything else. While it is true that defendant's and Wilson's hands are not visible during most of the encounter depicted on the videotape, the tape does not contradict Wilson's testimony. It depicts Gordon approaching Wilson's car and leaning into the driver's side window for a few moments. When he steps back, he appears to have something in his hand. Although Gordon appears to speak to Wilson during the encounter, there is no audio recorded on the tape.[12]
A reviewing court does not assess the credibility of witnesses or reweigh the evidence. The trier of fact makes credibility determinations and may, within the bounds of rationality, accept or reject the testimony of any witness.[13] The trier of fact is presumed to have acted rationally.[14] In the instant case, the jury apparently found Wilson's testimony credible. There is nothing in the record to negate the presumption that the trier of fact has acted rationally.
Based upon our review of the record, we find that the evidence was sufficient under the Jackson criteria to support defendant's conviction. Accordingly, we affirm the defendant's conviction on this basis.
Gordon further requests an errors patent review. This Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux,[15] and State v. Weiland[16] regardless of whether defendant makes such a request. The review reveals one error patent in this case that requires corrective action.
The trial court failed to notify defendant of the two-year prescriptive period for filing an application for post-conviction relief, *695 as is required by LSA-C.Cr.P. art. 930.8. We therefore remand the case with an order to the trial court to provide defendant with written notice of the prescriptive period, and to file written proof in the record that defendant received such notice.[17]
Accordingly, for the foregoing reasons, we grant rehearing, reinstate appellant's appeal rights, affirm defendant's conviction and remand to correct errors patent on the face of the record.
REHEARING GRANTED; AFFIRMED; REMANDED.
NOTES
[1] Defendant's name is spelled "Gorden" in some places in the record.
[2] LSA-C.Cr.P. arts. 924-930.8; State v. Counterman, 475 So.2d 336, 339 (La.1985).
[3] See, State v. Mickel, 03-795, p. 3 (La.App. 5 Cir. 12/9/03), 864 So.2d 661, 663, writ denied, 04-2515 (La.6/17/05), 904 So.2d 692.
[1] Defendant's name is spelled "Gordon" in some places in the record.
[2] Wilson explained that a "twenty" is street slang for twenty dollar's worth of crack cocaine.
[3] 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
[4] State v. Juluke, 98-0341 (La.1/8/99), 725 So.2d 1291 (per curiam).
[5] State v. Neal, 00-0674, p. 9 (La.6/29/01), 796 So.2d 649, 657, cert. denied, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002).
[6] Id. (citing State v. Rosiere, 488 So.2d 965, 968 (La.1986)).
[7] State v. Pigford, 05-0477, pp. 5-6 (La.2/22/06), 922 So.2d 517, 520-21 (per curiam).
[8] LSA-R.S. 40:961(14).
[9] LSA-R.S. 40:961(10).
[10] State v. Celestine, 95-1393, p. 3 (La.1/26/96), 671 So.2d 896, 897; State v. Pierre, 03-1306, p. 6 (La.App. 5 Cir. 2/23/04), 869 So.2d 206, 211, writ denied, 04-0959 (La.10/1/04), 883 So.2d 1006.
[11] State v. Lai, 04-1053, p. 7 (La.App. 5 Cir. 4/26/05), 902 So.2d 550, 556, writ denied, 05-1681 (La.2/3/06), 922 So.2d 1175.
[12] Detective Bryant testified that they did not record audio in order to protect the identity of the confidential informant.
[13] State v. Young, 04-1318, p. 5 (La.App. 5 Cir. 4/26/05), 902 So.2d 461, 465.
[14] Id.
[15] 312 So.2d 337 (La.1975).
[16] 556 So.2d 175 (La.App. 5 Cir.1990).
[17] State v. Mutz, 04-1072, p. 9 (La.App. 5 Cir. 2/15/05), 896 So.2d 1129, 1135.