979 So.2d 524 (2008)
STATE of Louisiana
v.
Tracy A. SEGURA.
No. 07-KA-685.
Court of Appeal of Louisiana, Fifth Circuit.
February 6, 2008.
*526 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Andrea F. Long, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Jane L. Beebe, Attorney at Law, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY, and CLARENCE E. McMANUS.
EDWARD A. DUFRESNE, JR., Chief Judge.
On December 11, 2006, the Jefferson Parish District Attorney filed a bill of information charging defendant, Tracy Segura, with theft of goods valued at $500.00 or more, a violation of LSA-R.S. 14:67.10. On April 10, 2007, the matter proceeded to trial before a six person jury. After considering the evidence presented, the jury returned a verdict of guilty of the lesser included offense of attempted theft of goods valued at $500.00 or more, a violation of LSA-R.S. 14:27 and 14:67.10.
On April 13, 2007, defendant filed a motion for post verdict judgment of acquittal or a new trial. The trial court denied the motion and then sentenced defendant to two years at hard labor. The court suspended the sentence, placed defendant on active probation for two years, and imposed a $300.00 fine. Defendant now appeals.

FACTS
At trial, Barbara Quates, the customer service manager for the Harvey Wal-Mart store, testified that on November 14, 2006, she saw a customer walk across in front of the registers and proceed to the grocery door to exit. According to Ms. Quates, the customer, whom she identified in court as defendant, was pushing a shopping cart that contained a 32-inch television set. Ms. Quates saw defendant stop and show the door greeter a piece of paper that appeared to be a store receipt. Ms. Quates then approached defendant and looked at the receipt. She saw that it was not for the television he had in the shopping cart, but for a 42-inch plasma television purchased the previous day at the Marrero Wal-Mart store. Defendant told her he had left the 42-inch television at the customer service counter, and that he was exchanging it for the 32-inch set.
At that time, Deputy Kevin Ridge, who was working a security detail at the store, stayed with defendant while Ms. Quates went to the customer service counter. When Ms. Quates learned that no one had attempted to exchange a 42-inch plasma television there, the parties involved relocated *527 to the store's loss prevention office. According to Deputy Ridge, defendant then changed his story and claimed his wife was at the store with the 42-inch set and also produced credentials that identified him as a deputy with the Orleans Parish Criminal Sheriffs Office. After the surveillance videotape confirmed that defendant did not enter the store with a television, Officer Ridge allowed defendant the opportunity to contact his wife and produce the larger television. Defendant was still unable to produce the television and now claimed that his wife was at the Wal-Mart store in Marrero.
At trial, the surveillance videotape was introduced into evidence as well as the receipt that defendant had in his possession. Ms. Quates testified the receipt defendant had, dated November 13, 2006, was for a purchase in the amount of $1,397.00, and the television defendant had in the cart was priced at $847.00. Kortney Rodgers, a protection coordinator with Wal-Mart and custodian of the surveillance tapes, testified that the tape showed defendant entering Wal-Mart at 3:57 p.m. Defendant walked to the electronics department in the back of the store. He then attempted to leave the store with the television at 4:03 p.m. through the side opposite the entrance he used. The surveillance tape was played for the jury.
After the prosecution rested its case, defendant testified on his own behalf. He said he and his wife bought a 42-inch plasma television set for their home at the Wal-Mart store in Marrero on November 13, 2006. This television was too large to fit in their entertainment center, so they decided to exchange it for a smaller one. According to defendant, on November 14, 2006, he and his wife agreed to meet at Wal-Mart to exchange the television. They went in separate cars, and Mrs. Segura took the 42-inch television in her car because it would not fit in defendant's car. When defendant arrived at the Manhattan store, he went to the electronics department and found a 32-inch television. The store employee in that department told him he could take the set to the front of the store himself. As he walked to the front of the store with the television, his wife called him on his cellular telephone to tell him she was in front of the store with the larger set. Defendant testified that he approached the greeter at the exit and showed her the cashier's receipt for the larger television. He asked the greeter if she would hold the 32-inch television while he went outside to meet his wife. At that point, the store manager and employees from the loss prevention department approached and accused him of attempting to steal the television.
Defendant testified he was taken to the store's loss prevention office. The store manager and Mr. Rodgers told defendant that if he would admit to stealing the television they would let him go, with the understanding that he would no longer be allowed in the store. Defendant told them he would not admit to something he did not do. They then told defendant he was going to jail.
Defendant said his wife called him on his cellular telephone, and he had a female employee from the loss prevention department explain the situation to her. It was then that defendant learned his wife had gone to the Marrero Wal-Mart, and not the one on Manhattan. Mrs. Segura offered to bring the 42-inch television to the Manhattan store. The store manager said he did not want to talk to Mrs. Segura, and that defendant was going to jail.
Mrs. Segura also testified at trial, and her testimony basically corroborated her husband's version of events.

*528 ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, defendant contends the trial court erred in denying his motion for post verdict judgment of acquittal or new trial. In that motion defendant argued that the State failed to prove he had the intent to fraudulently deprive Wal-Mart of merchandise.[1] Defendant now argues, as he did in his motion, that the State did not produce sufficient evidence to support his conviction for attempted theft of goods.
In reviewing the sufficiency of evidence, an appellate court must determine whether the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tilley, 99-0569 (La.7/6/00), 767 So.2d 6, 24, cert. denied, 532 U.S. 959, 121 S.Ct. 1488, 149 L.Ed.2d 375 (2001).
Under LSA-R.S. 15:438, "[t]he rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." This requirement does not establish a standard separate from the Jackson standard, but provides a helpful methodology for determining the existence of reasonable doubt. State v. Arceneaux, 05-338 (La.App. 5 Cir. 12/27/05), 930 So.2d 44, 48. In assessing other possible hypotheses in circumstantial evidence cases, the appellate court does not determine whether another possible hypothesis suggested by a defendant could afford an exculpatory explanation of the events. Instead, the reviewing court evaluates the evidence in the light most favorable to the prosecution and determines whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt under the Jackson standard. State v. Davis, 92-1623 (La.5/23/94), 637 So.2d 1012, 1020, cert. denied, 513 U.S. 975, 115 S.Ct. 450, 130 L.Ed.2d 359 (1994).
Defendant was convicted of attempted theft of goods. Theft of goods is defined in LSA-R.S. 14:67.10 A as "the misappropriation or taking of anything of value which is held for sale by a merchant, either without the consent of the merchant to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations." That subpart further provides that "[a]n intent to deprive the merchant permanently of whatever may be the subject of the misappropriation or taking is essential[.]"
Attempted theft requires specific intent to commit the crime of theft and an act tending toward accomplishment of the theft. A person who has specific intent to commit a theft and who does or omits an act for purposes of accomplishing the same is guilty of attempted theft regardless of whether, under the circumstances, he would have accomplished his purpose. LSA-R.S. 14:27; State v. Pittman, 368 So.2d 708, 710 (La.1979).
Specific criminal intent is defined as "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to *529 act." LSA-R.S. 14:10(1). Whether a criminal defendant possessed the requisite intent is for the trier of fact, and a review of the correctness of that determination is guided by the Jackson standard. State v. Tran, 97-640 (La.App. 5 Cir. 3/11/98), 709 So.2d 311, 317.
In the present case, we find that the State sufficiently proved defendant had specific intent to commit a theft and performed an act tending toward accomplishment of the theft. At trial, Wal-Mart employee Kortney Rodgers testified that the store's surveillance video showed that defendant entered Wal-Mart at 3:57 and approached the exit at 4:03 p.m. When defendant reached the grocery store exit, he presented the greeter with a receipt from a larger television purchased the day before from a different Wal-Mart. Ms. Quates, the customer service manager, then approached defendant and looked at the receipt. Defendant told her he had left the 42-inch television at the customer service counter, and that he was exchanging it for the 32-inch set. Ms. Quates said defendant was still inside the store, but he looked like he was exiting, and the shopping cart he was pushing was pointed toward the door. Ms. Quates further testified that when she checked with employees in customer service, she was told that no one had come to them to exchange a 42-inch plasma television. Defendant was then relocated to the loss prevention office where he started to change his story. He claimed that his wife was at the store with the television, and then later claimed his wife was at the Marrero Wal-Mart. Deputy Ridge gave defendant the opportunity to produce the television, but he was unable to do so.
After listening to this evidence presented by the state, the jury heard the testimony of defendant and his wife. Defendant denied attempting to steal the television and maintained that the whole incident was a big misunderstanding. Both defendant and his wife testified that she was waiting outside the store with the 42-inch television. However, neither of them could explain why defendant went to the Harvey store while his wife went to the Marrero location. Both defendant and his wife also testified that store management and police would not allow Mrs. Segura to come to the store to return the larger television after defendant was apprehended.
In the present case, the jury's verdict came down to a credibility determination. In finding defendant guilty, the jury obviously rejected defendant's version of events. On appeal, it is not the function of the appellate court to assess the credibility of witnesses or to reweigh the evidence. State v. Gordon, 06-8 (La.App. 5 Cir. 3/30/06), 928 So.2d 689, 694, writ denied, 06-2319 (La.4/20/07), 954 So.2d 159. Considering the evidence in the light most favorable to the prosecution, we find that there was sufficient proof for a rational trier of fact to conclude beyond a reasonable doubt that defendant committed an attempted theft of goods from Wal-Mart.

ASSIGNMENT OF ERROR NUMBER TWO
In his second assigned error, defendant contends that his sentence is illegal and excessive based upon the penalty range set forth in LSA-R.S. 14:27(D)(2).
Under LSA-R.S. 14:67.10 B(1), the crime of theft of goods valued at $500.00 or more is punishable by up to ten years imprisonment, with or without hard labor, a fine of not more than $3,000.00, or both. In arriving at defendant's sentence, the trial judge apparently read this subpart in conjunction with the sentencing provision in LSA-R.S. 14:27 D(3), which states:

*530 D. Whoever attempts to commit any crime shall be punished as follows:
(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.
Under those two subparts, defendant's two-year suspended sentence and $300.00 fine were legal, since defendant was subject to no more than five years imprisonment or a fine of up to $1,500.00, or both.
However, defendant asserts that the trial judge applied the wrong sentencing provision. Defendant asserts that LSA-R.S. 14:27 D(2) was applicable in his case. That subpart provides in pertinent part: "If the offense so attempted is theft, and is punishable as a felony, he shall be fined not more than five hundred dollars, or imprisoned not more than one year, or both[.]" Defendant argues that because his offense was a felony theft, this subpart dictates that the maximum sentence to which he was exposed was one year. The State responds that subpart D(2) refers only to general theft (LSA-R.S.14:67), and that it does not apply to theft of goods under LSA-R.S. 14:67.10. We agree with the State's argument.
A review of the jurisprudence revealed no published Louisiana cases directly addressing the question of which sentencing provision in the attempt statute should be applied where the defendant has been convicted of attempted theft of goods under LSA-R.S. 14:67.10. However, in the past, this court has cited subpart D(3) as the applicable sentencing provision of the attempt statute in cases where the defendants were convicted of attempted theft of goods. See State v. Behre, 03-896, (La. App. 5 Cir. 12/9/03), 864 So.2d 668, 670, n. 1; State v. Duncan, 601 So.2d 374, 376 (La.App. 5 Cir.1992), writ denied, 604 So.2d 1317 (La.1992).
Based on the foregoing discussion, we find that defendant's sentence was legal and within the proper sentencing range.

ERROR PATENT DISCUSSION
We have also reviewed the record for errors patent in accordance with LSC.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
Our review reveals that the trial court failed to advise defendant of the two year prescriptive period for applying for post-conviction relief under LSA-C.Cr.P. art. 930.8. Therefore, we remand the matter and instruct the trial court to inform defendant of the prescriptive period, set forth by LSA-C.Cr.P. art. 930.8, by sending written notice to defendant within ten days of the rendition of this opinion and to file written proof in the record that defendant received such notice. State v. Fazande, 05-901 (La.App. 5 Cir. 3/28/06), 927 So.2d 507, 513-514.
We further note the commitment shows defendant was found guilty of theft of goods valued at $300.00 or more, when he was actually found guilty of attempted theft of goods valued at $500 or more. On remand, we direct the trial court to correct this error.
For the reasons set forth herein, we affirm defendant's conviction and sentence and remand the matter with instructions.
CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] The question of sufficiency of evidence is properly raised in the trial court by a motion for post verdict judgment of acquittal under LSA-C.Cr.P. art. 821. State v. McGinnis, 04-1286 (La.App. 5 Cir. 10/6/05), 917 So.2d 471, 479, writ denied, 05-2469 (La.4/28/06), 927 So.2d 283.